DEROUSO, Appellant, vs. INTERNATIONAL HARVESTER COM-
PANY OF AMERICA, Respondent.

*February 4—May 1, 1914.*

*Corn shredders: Safety devices: Removal by owner: Liability of
seller: Proximate cause of injury.*

1. Under sec. 1636—131, Stats. 1911, the seller of a corn shredder
   is required to provide it with safety or automatic feeding de-
   vices, not only in front of the snapping rollers, but also in
   front of the husking rollers, so that the material, once fed into
   the machine, will be automatically carried along and taken
   care of, unassisted by the operator of the machine.
2. Said sec. 1636—131 makes it the absolute duty of the seller to
   *equip* the machine with the specified safety devices, and of the
   owner or operator to *maintain* them; and such devices must be
   reasonably adequate and efficient to perform the functions re-
   quired of them.
3. The duty to maintain being as absolute as the duty to equip, the
   owner or operator cannot detach the safety devices and, under
   a claim that they were useless, render the seller liable for an
   injury thereafter resulting.
4. In an action against the seller of a corn shredder for an injury
   to an employee of the purchaser, whose hand was drawn be-
   tween the husking rollers when he attempted to dislodge ears
   of corn and refuse which had become clogged in the automatic
   feed to such rollers, it appearing that an automatic agitator,
   which was intended to stir up the material and align the ears
   as they dropped from the snapping rollers down upon said
   automatic feed, had become broken·and had been removed by
   the purchaser, a verdict for the defendant was properly di-
   rected, even though it was claimed that such agitator was use-
   less and even though its insufficiency be conceded, since, not
   being in use, its insufficiency cannot be said to have been the
   proximate cause of the injury.

APPEAL from a judgment of the circuit court for Barron
county: FRANK A. Ross, Circuit Judge. *Affirmed.*

Action for personal injury. On November 3, 1911, the
plaintiff, while in the employ of one Secor assisting in shred-
ding corn, received an injury to his hand on the husking roll-

ers of a steam corn shredder which Secor had purchased from defendant.   This action is brought under the provisions of sec. 1636—131, Stats. 1911, which provides:

"Any person, firm, or corporation who shall sell, offer or expose for sale, or use any machine to be operated by steam, or other power, for the purpose of husking or shredding corn or corn stalks shall provide such machine with safety or automatic feeding devices for the protection from accident by the snapping rollers, husking rollers, and shredding knives of any person using or operating such machine in the discharge of their duty, and such machine shall be so guarded that the person feeding said machine shall be compelled to stand at a safe distance from the snapping rollers; and any person, firm, or corporation operating such machine shall maintain thereon such safety or automatic feeding devices.   The duty to equip such machine with safety or automatic feeding devices, as well as the duty to maintain the same, shall be absolute; and the exercise of ordinary care on the part of such person, firm, or corporation operating such machine shall not be deemed a compliance with such duty; and in case any person in the employ of such person, firm, or corporation operating such machine continues in such employment when such device has not been installed and maintained, as above provided, such employee shall not be deemed guilty of a want of ordinary care, on account of so continuing in such employment."

It appears that when the machine was sold it was equipped with an automatic agitator whose function it was to stir up, agitate, and align the ears of corn as they dropped from the snapping rollers down upon the automatic feed carrying them to the husking rollers.   This agitator had been broken previous to plaintiff's injury and was entirely removed from the machine.   While the shredder was being operated, ears of corn and refuse became clogged in the feed to the husking rollers.   In order to dislodge the clogged material plaintiff took a stick between two and one-half to three feet in length and poked in among the material.   In doing so, at the second stroke, his coat sleeve near the end caught on the husking

rollers and his hand was drawn in and injured.    Plaintiff's evidence was to the effect that the corn shredder clogged equally badly when the agitator which was removed was in place and in good working condition.    The court and jury viewed the corn shredder.    Defendant introduced no evidence.    A motion for a directed verdict in favor of defendant was granted, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *W. H. Frawley & T. F. Frawley,* and oral argument by *T. F. Frawley.*

For the respondent there was a brief by *Clarence C. Coe* and *David A. Orebaugh,* attorneys, and *Edgar A. Bancroft,* of counsel, and oral argument by *Mr. Orebaugh.*

The following opinion was filed February 24, 1914:

VINJE, J.    The trial court directed a verdict for the defendant on the ground that, since it was admitted that the shredder was equipped with a safety feeding table or device in front of the snapping rollers which complied with the statutory requirements relative thereto, no liability could attach to defendant on account of any failure to equip the machine with safety feeding devices in front of the husking rollers.    In this it erred.    The statute makes it as much the duty of the seller to provide a corn shredder with automatic feeding devices in front of the husking rollers as in front of the snapping rollers.    Such devices are of course of an entirely different nature.    Popularly speaking, the machine is fed only in front of the snapping rollers.    All material enters there.    But it must pass through the machine, and in order to do so it must be automatically carried along—the ears of corn to the husking rollers and the stalks to the shredding knives.    Such carrying along or feeding to the husking rollers and shredding knives is by the statute required to be self-acting or automatic, unassisted by the operators of the machine, because of the danger to life and limb in hand-feeding

or in assisting therein. The feeding table in front of the snapping rollers is required to be long enough so that the feeder shall be made to stand at a safe distance from them. Obviously no such feeding arrangement for the shredding knives or husking rollers was contemplated by the statutory requirements. But it was contemplated that the material, once being properly fed into the machine, should automatically be taken care of, and that the machine should automatically perform the other operations necessary to properly do the work it was designed to do.

The evidence shows that the machine in question was so constructed that it automatically carried the stalks into the shredding knives after leaving the snapping rollers. It was also provided with an agitator in front of the husking rollers whose function it was to stir up the material dropping down from the snapping rollers and especially to align the ears of corn. This agitator was operated by being fastened to a revolving shaft so bent at the point of attachment as to act as an eccentric. Some time before the injury occurred this shaft broke and it was taken out of the machine and the agitator became wholly useless.

The statute imposes two entirely separate and distinct duties. First, it requires the seller to *equip* the machine with the specified safety devices, and second, it requires the owner or operator of the machine to *maintain* such safety devices. Both duties are made absolute. A showing of the exercise of ordinary care in either of such respects is not enough. In the present case the owner or operator of the machine, Mr. Secor, failed to maintain the agitator with which the machine was equipped when sold. Under such circumstances, can the seller be held liable on the ground that he failed to equip it with the required safety devices? It seems to us not. That the statutory safety devices shall be reasonably adequate and efficient to perform the functions required of them seems clear, and it may be conceded, for the purposes of this case at least,

that if when properly maintained they fail to reasonably perform their purpose and injury results therefrom without fault of the injured person, the seller would be liable in damages. But since the duty to maintain is as absolute as the duty to equip, the owner or operator cannot detach the safety appliances and render the seller liable by the claim that they were useless. The statute neither contemplates nor admits of such conduct on the part of the operator. This is made clear by the amendment to sec. 1636—131m, Stats. 1913, contained in sec. 47, ch. 773, Laws of 1913, specifically prohibiting the use of such a machine with the safety devices or guards detached. It is true this amendment was made since the injury in question occurred, but it only gave express utterance to what was already implied by the statute.

Had the agitator been maintained as the statute required, no one could say that this injury would have occurred. Hence the jury could not find, under the facts in this case, that the insufficiency of the agitator was the proximate cause of plaintiff's injury. It was not taken out because it was useless, but because it was broken, though that fact is perhaps of little significance in view of the absolute statutory duty to maintain it as equipped. The ground of nonliability of the defendant is that, conceding the insufficiency of the agitator, it cannot be said that such insufficiency was the proximate cause of the injury to plaintiff. It was not operating as a cause at all at the time the injury occurred. What would have happened had it been in operation it is useless to speculate upon, for we have not such a case before us.

In view of the specific and absolute statutory duty to maintain safety devices and guards upon such machines no one should, in the absence of such maintenance, be permitted to claim that they were useless and thus place liability upon the seller. The adequacy of an appliance not used when an injury occurs should not be made an issue, because, as before stated, no matter how determined, it cannot be proximately

connected with the injury.    For these reasons the court properly directed a verdict for defendant.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on May 1, 1914.