MANITOWOC BOILER WORKS, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*April 27—May 15, 1917.*

*Workmen's compensation: Findings by industrial commission: Supplying defect from memorandum of decision: Injury caused by failure to comply with order of commission: Guarding machinery.*

1. A memorandum of decision made by the industrial commission as a basis for the more formal findings of fact may be referred to to supply a defect in the findings.
2. Within the meaning of sub. (5) (h), sec. 2394—9, Stats., an injury is caused by the failure of an employer to guard a machine in compliance with an order of the industrial commission, where that particular injury would not have been sustained by the employee if the machine had been guarded as required. Whether or not the failure to guard is the proximate cause of the injury, in the sense in which that term is used in the law of negligence, is immaterial.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Sufficiency of findings of the *Industrial Commission* to sustain an award for a penalty.

November 9, 1915, one Zander, an employee of the plaintiff, received injuries resulting in his death. The matter having been presented in due form to the *Industrial Commission,* it found that the wife was entitled to a death benefit of $3,000, and further found as follows:

"That at the time of said accident and death the respondent had failed and neglected to guard the wheels of the crane

upon which deceased was killed as provided in order No. 40 of the general orders of safety of the *Industrial Commission,* and that by reason of such failure the penalty provided by section 2394—9 must be added to the amount of the award herein," etc.

In its memorandum of decision the *Commission* made the following statement:

"The only question left for the *Commission* to decide is whether or not a penalty of fifteen per cent. in addition to the amount stipulated should be included in the award because of the alleged failure of the respondent to properly guard the crane wheels which caused the death of applicant's husband. Upon all the facts in this case it appears that the respondent operated a twenty-six-ton crane running on elevated tracks, supported by timbers fifteen feet apart and about twenty feet in height; that the crane was going at full speed, about the rate of a walking man, when the applicant [the deceased] was caught under one of the fore wheels of the crane while he was leaning over the track doing some repair work for the respondent company. The fore wheels were not guarded, as required by law, at the time of the accident. The deceased was four or five feet distant from a vertical post extending above the track on which the crane was running and approaching said post at the time he met his death. This post was a few inches distant from the track and clear from it. The respondent company claims that even though the fore wheels of the crane had been guarded, the applicant [the deceased] would either be pushed along the track and crushed against the vertical post or thrown to the ground, a distance of about twenty feet, and in either case would probably have been killed, and that the proximate cause of his death was not the failure to guard the wheels.

"We cannot find as a fact that this result would necessarily have followed had the wheels been guarded. He might have been crushed against the post and have lived, or have lost a leg or an arm, or he might have been thrown to the ground and seriously injured, but it does not necessarily follow he would have been killed had either of these contingencies followed, and we cannot find as a fact that he would have been killed in any event. Many miraculous escapes are recorded,

even after dangerous falls or crushing accidents, and we believe that failure to guard in this case, which caused the deceased to be crushed under the wheels of the crane, was the immediate cause of his death. Had the fore wheels of the crane been guarded he could not have met death in the manner he did. Therefore the *Commission* finds that the penalty of fifteen per cent. should be added to the award heretofore stipulated by the parties. Award for monthly payments will be entered according to the above."

Plaintiff commenced an action in circuit court to review the award. From the judgment of the circuit court affirming the award of the *Industrial Commission* the plaintiff appeals.

For the appellant there were briefs by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J. Sub. (5) (h), sec. 2394—9, Stats.:

"Where injury is caused by the failure of the employer to comply with any statute of the state or any lawful order of the industrial commission, compensation as provided in sections 2394—3 to 2394—31, inclusive, shall be increased fifteen per cent."

Appellant contends that the findings of the *Industrial Commission* do not support that part of the award which awards the fifteen per cent. penalty to the widow, and that the evidence does not support the findings. Appellant claims that the *Industrial Commission* did not in the formal findings find as a fact that the failure to guard was the cause of the injury, and that reference may not be had to the memorandum to supply the defect in the findings.

We think recourse may be had to the memorandum of decision made by the *Industrial Commission* as a basis for the more formal findings of fact, and from this memorandum it

clearly appears that the *Commission* found that the accident could not have happened in the manner in which it did happen had the wheels been guarded. That the failure to guard the wheels resulted in the death of the deceased in the particular manner in which he did die is clearly found and clearly appears from the evidence. To say that he might or even probably would have been killed in some other manner had the wheels been properly guarded and that therefore the proximate cause of his injury was his own negligence and not the failure to guard the wheels, is to introduce into the case an element of speculation and to introduce into the administration of the Workmen's Compensation Act the element of proximate cause as that term was used and understood prior to the adoption of the act, neither of which do we think is permissible. An injury is caused by the failure of an employer to guard a machine where it appears as a fact that the particular injury from which the employee suffered would not have been sustained by the employee if the machine had been guarded as required by law, and the employer is liable therefor unless it is caused by a want of ordinary care on the part of the employee which is wilful. The chain of physical causation is complete, and whether or not the failure to guard is the proximate cause of the injury in the sense in which that term is used in the law of negligence is immaterial. *Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245. Therefore we are of the opinion that the findings sustain the award and that the evidence sustains the findings.

*By the Court.*—Judgment affirmed, with costs.