BENESCH, by guardian *ad litem,* Respondent, vs. PAGEL, Appellant.

*May 5—June 1, 1920.*

*Automobiles: Negligence: Minor driving automobile: Violation of statute: Collision with another vehicle: Proximate cause.*

The driving of an automobile on a public street by a boy fourteen years of age, unaccompanied by an adult person, in violation of sec. 1636—49, Stats., will not prevent a recovery for injuries sustained by him in a collision with another automobile, where there was no causal connection between the violation of the statute and the collision and the boy was guilty of no negligence contributing to the accident.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

On December 25, 1916, the plaintiff, a boy fourteen years of age, was driving an electric automobile belonging to his mother on a public street in the city of Milwaukee, unaccompanied by an adult person. At a street intersection defendant's automobile collided with the one driven by plaintiff. This action was brought to recover the damages resulting from such collision. The jury found that the defendant's negligence was the proximate cause of the injury; that the fact that the plaintiff was not accompanied by his parent, guardian, or other adult person was not a contributing cause to the collision; that no want of ordinary care on the part of the plaintiff proximately contributed thereto; and assessed plaintiff's damages at $500. From the judgment entered on such verdict the defendant brings this appeal.

For the appellant there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Rubin, Fawcett & Dutcher* of Milwaukee, and oral argument by *George C. Dutcher.*

OWEN, J.   Sec. 1636—49, Stats., provides that no person under the age of sixteen years, unless accompanied by a parent, guardian, or other adult person, and no intoxicated person, shall operate, ride, or drive any automobile, motorcycle, or other similar motor vehicle, along or upon any public highway of this state, and sec. 1636—54 prescribes a fine for violation of such provisions, and a fine or imprisonment, or both, for a second violation thereof.   It is contended by appellant that because the plaintiff was operating the automobile on a public street in violation of this statutory provision he cannot recover in this action, upon the authority of such cases as *Pizzo v. Wiemann,* 149 Wis. 235, 134 N. W. 899, and *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84.   The circuit court ruled that in order to prevent recovery by the plaintiff in this action some causal relation between the violation of the statute and the collision must appear.   This identical statute was under consideration by this court in *Steinkrause v. Eckstein,* 170 Wis. 487, 175 N. W. 988, where it was held that in order to prevent a recovery by a passenger in an automobile driven by an intoxicated person there must appear some causal connection between the violation of the statute prohibiting an intoxicated person from driving an automobile and the accident. If this be true where the driver of the automobile is intoxicated, what process of reasoning can justify a contrary ruling where the driver of the automobile is under the age prescribed by statute?   If causal relation between the intoxication of the driver and the happening of the accident be necessary to prevent recovery in one case, how can the youth of the driver without such causal relation prevent recovery in the other?   The driving of an automobile by one intoxicated and by one under sixteen years of age is prohibited not only by the same section but the identical sentence of the statute.   In the instant case the jury found that the plaintiff was guilty of no negligence contributing to the accident.   The case is therefore ruled by *Steinkrause v.*

*Eckstein, supra,* where all of the questions raised by appellant are discussed and disposed of, making further discussion here a work of superfluity.

*By the Court.*—Judgment affirmed.