SCHMIDT, Administratrix, Appellant, vs. WISCONSIN SUGAR
COMPANY, imp., Respondent.

*December 13, 1921—January 10, 1922.*

*Master and servant: Minor in dangerous employment: Driving
automobile: Collision with railroad train: Proximate cause:
Pleading.*

1. The employment of a boy about twelve years old by a corpora-
   tion to act as chauffeur for one of its adult employees using an
   automobile is not an "employment dangerous to life or limb"
   forbidden by sub. 2 (c) (23), sec. 1728*a*, Stats., so as to make
   the employer liable for his death from injuries sustained in
   a collision between the automobile and a railroad train.
2. To recover on a claim of liability for injury consequent upon a
   violation of a penal statute there must be some causal con-
   nection between such violation and the particular injury.
3. Where such causal connection is clear from the facts stated and
   proved it is for the court, but when not clear it may be a
   question for the jury.

4. Allegations in a complaint that there was a violation of sec. 1728a, Stats., and that injury to and the death of a minor was proximately caused by such violation, are conclusions rather than statements of essential facts.

OWEN, J., dissents.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

The plaintiff was the mother and subsequently appointed administratrix of the estate of one Fred S. Schmidt, who was on June 21, 1919, just under twelve years of age and on that day killed by a collision between an automobile he was then driving and a passenger train on a highway in Milwaukee county. The defendant Walter Schmidt is administrator of the estate of one John Schmidt, deceased, who was in the automobile at the same time, but such defendant is not concerned with this appeal.

The respondent defendant is a Wisconsin corporation.

The complaint purports to set forth one cause of action arising under secs. 4253 and 4254, Stats., the survival statutes, for the damages accruing to the estate of the minor by reason of the injuries arising from such accident; and a second under secs. 4255 and 4256, for the pecuniary loss by reason of such death to his surviving parents, with whom he lived and for whom he rendered services.

The other allegations of the complaint deemed material here are as follows:

That during the week preceding his death the said Fred S. Schmidt was in the employment of the said John Schmidt, deceased, and the said *Wisconsin Sugar Company* in and about the operation of a Ford automobile in the capacity of chauffeur to the said John Schmidt; that such employment as to the said Fred S. Schmidt was dangerous to life and limb and in contravention of sec. 1728a, Stats.; that on said June 21, 1919, while employed as aforesaid and, as plaintiff is informed and believes, while the said John Schmidt was engaged in the discharge of his duties as an employee

of the said *Wisconsin Sugar Company,* the said automobile, while then and there being operated as aforesaid by the said Fred S. Schmidt, was struck by the said passenger train; that Fred S. Schmidt suffered a fracture of the skull as a result of the said collision, from which he died a few minutes thereafter; that such injury and death was proximately caused by the unlawful employment aforesaid.

The trial court sustained a general demurrer of the respondent to such complaint on the ground that it appears upon the face thereof that it did not state facts sufficient to constitute a cause of action. From an order to that effect the plaintiff has appealed.

The cause was submitted for the appellant on the brief of *A. W. Schutz* of Milwaukee, and for the respondent on that of *E. L. McIntyre* and *Harvey M. Burns,* both of Milwaukee.

ESCHWEILER, J. Giving this complaint the most liberal construction to which it is entitled under our rules, it must nevertheless be held that it fails to state sufficient facts upon which a legal conclusion could be based that there was by defendant (respondent here) any unlawful employment of Fred S. Schmidt, a minor, so that the accident in question could create a liability on its part for either of the alleged causes of action. This view makes it unnecessary to pass upon any other question presented on this appeal.

Assuming, but only for the present purpose, that the complaint sufficiently states an employment of the minor by the respondent at the time of the accident, the only allegations in this complaint upon which either of the causes of action attempted to be set forth could be predicated are in substance these, namely: that such driving of the automobile at the time in question was an employment dangerous to life and limb and in contravention of sec. 1728a, Stats.; and secondly, that such injury resulting in his death a few minutes thereafter was proximately caused by such alleged un-

lawful employment. No other statements are made or facts alleged indicating what particular one of the many provisions of sec. 1728a, Stats., it is claimed defendant violated, nor is any such satisfactorily pointed out to us by appellant on the argument, nor can we find any that would bring the situation as presented by the complaint within any of its particular terms.

Sec. 1728a, Stats., found in ch. 83, entitled "Hours of Labor and Employment of Children, and Boards of Arbitration," provides by sub. 1 that written permits shall be obtained for the employment of children between the ages of fourteen and seventeen years in certain specified occupations, or at any gainful occupation or employment, directly or indirectly. Sub. 2 prohibits the employing, requiring, permitting, or suffering of any minor to work in any place of employment or at any employment dangerous or prejudicial to the life, health, safety, or welfare of such minor or other employee. It also provides that it is the duty of the industrial commission to determine and fix reasonable classifications of employments and places of employment for minors and females and to issue general or special orders regarding the same. It then provides that until such commission shall, after investigation, so determine as to other employments and places of employment, those on a certain specified list are declared to be deemed dangerous or prejudicial to the life, safety, health, or welfare of minors under certain specified ages, or of females. Then follows the schedule of such employments or places of employment declared to be dangerous or prejudicial. For instance, sub. (a), employment during the nighttime in the delivery of messages for telegraph companies or of goods of any minor under twenty-one years of age; sub. (b), excluding the employment of all minors under eighteen years of age in a numbered list of thirteen specific employments, including, for example, blast furnaces, the running of elevators, explosives, matches, quarries, or mines, railroads, etc.; sub.

(c), excluding minors under sixteen years of age in a list of at least twenty-two specified employments, including, for example, bakeries, bowling alleys, boilers, and a varied number of machines, paints, or poisons, theaters, concert halls, tobacco warehouses, etc.; and ending with sub. (23) relied upon by appellant and reading as follows: "Any other employment dangerous to life or limb, injurious to the health, or depraving to the morals."

But nowhere do we find any specific provision declaring expressly, nor, so far as we can see, by implication even, that the driving of an automobile is considered by the legislature as dangerous or hazardous either as an occupation by itself or as a place of employment.

To uphold this complaint as stating a cause of action it is evident that we would be required to say that it is covered by and included with the general language of sub. (23) just above quoted. This we do not feel prepared to say.

This court has said in *Steffen v. McNaughton,* 142 Wis. 49, 52, 124 N. W. 1016, 26 L. R. A. N. s. 382, that the automobile as a vehicle cannot be placed in the category of instrumentalities like locomotives or such a substance as dynamite or other dangerous contrivances and agencies, citing a number of cases from other jurisdictions, to which list may be added *Daily v. Maxwell,* 152 Mo. App. 415, 423, 133 S. W. 351; *Neubrand v. Kraft,* 169 Iowa, 444, 151 N. W. 455, L. R. A. 1915D, 691, note. In the chapter on police regulations as to the use of the highways, sec. 1636—49, Stats., makes it unlawful for a person under the age of sixteen, unless accompanied by parent, guardian, or other adult person, to operate or drive any automobile upon the public highway, inferentially lending support to the view that the legislature did not intend to absolutely prohibit or make unlawful the driving of such vehicles by minors under sixteen when accompanied by some older person, the conceded situation here.

That other states have expressly classified the driving of

such machines as a hazardous or dangerous employment does not persuade us that we should now read into the general language of said sub. (23), *supra,* by implication or construction, such a broad field of employment or places of employment as would necessarily have to be done to include the driving of automobiles.   For. instance, in New York under their workmen's compensation law (Civil Code, sec. 2032), which provides for payment for injuries sustained or death incurred by employees engaged in "the following hazardous employments," many separate groups being specified, including many such as are found detailed in our. sec. 1728*a,* and in their group 41 is included "operation, otherwise than on tracks, on streets, highways, . . . engines propelled by steam, gas, gasoline, electric, mechanical or other power or drawn by horses."   Cases based, therefore, upon such express statutory provisions as are cited by appellant from New York and other jurisdictions are inapplicable here.   A list of such cases is found in L. R. A. 1918F, 234.

In all cases such as are here presented based upon a claim of liability for injury consequent upon some violation of a penal statute, there must be some causal connection between such violation and the particular injury.   Where the causal connection is clear from the facts stated and proven, it is for the court; when not clear, it may be a question for the jury. *Haswell v. Reuter,* 171 Wis. 228, 233, 177 N. W. 8. See, also, *Benesch v. Pagel,* 171 Wis. 620, 177 N. W. 861; *Steinkrause v. Eckstein,* 170 Wis. 487, 490, 175 N. W. 988; *Pizzo v. Wiemann,* 149 Wis. 235, 239, 134 N. W. 899, 38 L. R. A. N. s. 678; note in L. R. A. 1915E, 516.

The language in the complaint to the effect that there was a violation of sec. 1728*a,* Stats., and that the injury to and death of the minor was proximately caused by such violation, are but conclusions of the pleader rather than the statement of essential facts. *Emond v. Kimberly-Clark Co.* 159 Wis. 83, 86, 149 N. W. 760; *Herrem v. Konz,* 165 Wis. 574, 576, 162 N. W. 654; *Howard v. Redden,* 93 Conn. 604, 107 Atl. 509.

Upon the complaint as it is presented, therefore, the trial court was right in holding that it was insufficient and properly sustained the demurrer.

*By the Court.*—Order affirmed.

OWEN, J. (*dissenting*). I think the complaint sufficiently alleges that Fred S. Schmidt was employed by the *Wisconsin Sugar Company* to act as chauffeur for John Schmidt, an employee of the *Wisconsin Sugar Company,* whose employment by the company required the use of an automobile which, together with the chauffeur, was furnished by the company, and the only question arising is whether the employment is dangerous to life or limb. If so, it is condemned by sec. 1728a, Stats., and the employer is liable for the damages proximately resulting from such employment.

It is held in the opinion of the court that service as chauffeur of an automobile is a safe employment for a boy eleven years old as a matter of law. To this I cannot subscribe. It readily may be conceded that a passive automobile is a harmless instrumentality, and that it is not a dangerous agency when operated by a careful and competent driver. Its safe operation, however, demands care, caution, judgment, prudence, skill, and alertness,—attributes which are not fully developed in children eleven years of age. When an automobile is operated by a careless and incompetent person, it is a matter of common knowledge that it is a source of danger not only to the occupants but to others in the highway. Accidents resulting from the careless use of automobiles are of daily occurrence. Their use is the subject of comprehensive police regulations in every state and city, and additional regulations, including the licensing of those who operate them, are continually suggested. Without statistics at hand, I hazard the assertion that they are responsible for a greater loss of life and for more personal injuries than are railroad trains, electric currents, high explosives, or any other one agency. Whether this be true or not, it is certain that

accidents resulting from their use causing personal injuries are of such frequent occurrence that they scarcely excite comment. I do not think it can be said as a matter of law that their operation is a safe employment for a boy eleven years of age.

It seems to be assumed in the opinion that, because such employment is not specifically condemned by sec. 1728a, the legislature evidently regards such service as a safe employment. I think this assumption entirely unwarranted. There is no attempt made in sec. 1728a to enumerate every unsafe employment. If this were true, there would be no occasion for the language of sub. (23) prohibiting "any other employment dangerous to life or limb." The fact that other states have specifically prohibited such employment is indicative of at least a divided public opinion upon that question, which makes it rather hazardous for a court to say that such an employment is not unsafe. Neither is the fact that the legislature refrained from prescribing criminal punishment for an infant under sixteen years of age for driving an automobile, when accompanied by an adult, tantamount to an assertion that it is a safe employment for boys of whatever age. Sec. 2394—48 requires every employer to furnish employment which shall be safe for the employees therein.

It has been held by this court that whether such employment is safe is a jury question. *Van de Zande v. C. & N. W. R. Co.* 168 Wis. 628, 170 N. W. 259, and cases there cited. The same rule should obtain under the statute here in question, and I do not understand that the court holds that whether a given employment offends against the statute under consideration may not give rise to a jury question. In my opinion the demurrer should have been overruled and the plaintiff given the opportunity for making proof of the allegation of the complaint.