SMITH, by guardian *ad litem,* Respondent, vs. TAYLOR-
BUTTON COMPANY, Appellant.

*November 9, 1922—January 9, 1923.*

*Automobiles: Negligence: Violation of penal statute: Cutting
corners: Proximate cause: Question for jury: New trial:
Discretion of court: Presumption from imposition of costs:
When conclusive.*

1. Where a new trial is ordered because the verdict is against
   the weight of the evidence, costs should be imposed; but
   where the motion is granted because the verdict is perverse
   or entirely unsupported by the evidence, or because the
   court misdirected the jury or committed other prejudicial
   error, costs should not be imposed.
2. When the court imposes costs in an order granting a new trial,
   it is presumed that the new trial was granted pursuant to the
   discretionary powers of the court; but such presumption is
   not conclusive, and obtains only where the contrary does
   not appear by the record.
3. The order granting a new trial having stated that a new trial
   was necessary because the court had submitted to the jury
   a question which in his opinion was a question of law for
   the court, the imposition of costs must be deemed error
   rather than a conclusive indication of the reason prompting
   the granting of the new trial.
4. A truck driver's violation of the statute requiring him to keep
   to the right of the center of a street intersection in turning
   into another street constituted negligence.
5. In an action for injuries to the occupant of an automobile
   which crashed into a truck at a street intersection when the
   truck driver, going in the opposite direction from the
   automobile, attempted to turn into an intersecting street in
   front of the automobile, in which there was evidence that
   the automobile was traveling at a very high rate of speed,
   the negligence of the truck driver in cutting the corner,
   instead of going to the right of the center of the inter-
   section, is *held* not the proximate cause of the injuries as a
   matter of law. *Haggerty v. Rain,* 177 Wis. 374, distin-
   guished.
6. Though the violation of a penal statute constitutes negligence,
   there must be a causal connection between the violation and
   the injury in order to constitute liability.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

This action was brought to recover damages for personal injuries sustained by the plaintiff, a child nine years of age, who at the time of the accident was riding in an automobile driven by her father. Defendant's truck, loaded with coal, was proceeding west on North avenue in the city of Milwaukee. The automobile in which plaintiff was riding was proceeding east on the same street. The truck turned south into Fifty-first street, "cutting the corner" in the operation. The automobile crashed into the truck with sufficient force to shove it sidewise a distance of from two to six feet. At the time of the collision the front part of the truck was about on a line with the south curb line of North avenue. There was some testimony that it was shoved up to the curb at the southeast corner of the intersection. The following special verdict was returned by the jury:

"(1) Was the fact that defendant's driver did not turn to the right of the center of the intersection of Fifty-first street and North avenue a proximate cause of the injury to *Abbie Smith? A.* No.

"(2) At what sum do you assess *Abbie Smith's* damages? *A.* None."

Upon a motion for a new trial the court filed the following decision:

"I am of the opinion that a judgment meeting the requirements of justice cannot be entered on this verdict. The evidence is such that had the jury fixed a fair sum as damages in answer to the last question it would have been my duty to change the answer to the question of proximate cause and order judgment for plaintiff. In other words, I ought to have submitted only the question of damages to the jury. The record being as it is, it is necessary for me to grant a new trial. The plaintiff's attorney will prepare the order, providing for the payment of costs of former trial by plaintiff."

An order granting a· new trial and requiring plaintiff to pay the taxable costs of the former trial was subsequently entered. From this order the defendant appealed.

For the appellant there was a brief by' *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Henry J. Killilea* and *Thomas E. Torphy,* both of Milwaukee, and oral argument by *Mr. Killilea.*

The following opinion was filed December 5, 1922:

OWEN, J. It is contended by the respondent that the order was discretionary and was granted because the court felt that justice had not been done. It is claimed that this is indicated by the fact that the order requires the respondent to pay the costs of the former trial. It is well settled that where a new trial is ordered because the court is not satisfied with the verdict as being against the weight of the evidence, costs should be imposed; but where the motion is granted because the verdict is perverse or entirely unsupported by the evidence, or because the court misdirected the jury or committed other prejudicial error, costs should not be imposed. *Pound v. Roan,* 45 Wis. 129; *Smith v. Lander,* 48 Wis. 587, 4 N. W. 767; *Schweickhart v. Stuewe,* 75 Wis. 157, 43 N. W. 722; *Schraer v. Stefan,* 80 Wis. 653, 50 N. W. 778. Because of this rule there is a presumption that, when the court imposes costs in an order granting a new trial, the new trial is granted pursuant to the discretionary powers of the court. *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664. This presumption, however, is not conclusive and obtains only where the contrary does not appear by the record.

In the instant case the trial judge stated his reason for granting a new trial. It appears that the court considered that the failure of the defendant's truck to keep to the right when turning onto Fifty-first street constituted a proximate cause of the injury as a matter of law, and that

the amount of the damages was the only question for the jury. The reason which actuated the court to grant the new trial thus plainly appearing, the imposition of costs must be regarded as error rather than a conclusive indication of the reason which prompted the granting of a new trial.

This brings us to a consideration of the question of whether the "cutting of the corner" by the truck constituted the proximate cause of the injury as a matter of law. The court did not submit the question of the defendant's negligence to the jury. In view of the fact that the statute required the driver of the truck to keep to the right and imposed a penalty for his failure so to do, such failure constituted negligence as a matter of law, and the court correctly so held. But does it follow that, while the "cutting of the corner" constituted negligence, such negligence was as a matter of law the proximate cause of the injury? The jury answered this question in the negative, and the finding is fully warranted by the evidence if it was a jury question. It is stated in the briefs that the court granted the motion after a consideration of the case of *Haggerty v. Rain,* 177 Wis. 374, 186 N. W. 1017. In that case a different situation was presented. There the defendant, who had interposed a counterclaim, was driving east, and as he approached the north-and-south highway on which plaintiff's car was coming south he "cut the corner," placing himself immediately in the pathway of the car coming south. If he had kept to the right the driver of the car coming south would have had at least half of the east-and-west highway in which to stop, or he could have turned west and avoided the collision. That case would be parallel to this if defendant's truck had been going north on Fifty-first street and in turning west on North avenue had failed to keep to the right. It is to be noted that in the *Haggerty Case* there was a building at the northwest corner of the intersection which obstructed the view of vehicles approaching the intersection from either direction.

It is undisputed that in the instant case the automobile in

which plaintiff was riding was proceeding at a very rapid rate of speed. Plaintiff's own witnesses testified that immediately after the accident there was a mark on the pavement, caused by the sliding of one of the rear wheels which had become locked when the brake was applied, for a distance of thirty feet. The fact that the automobile struck this loaded truck with sufficient force to push it sidewise for a distance of from two to six feet is indicative of a very high rate of speed and lack of control on the part of the driver. The jury was warranted in finding that the fact that the truck "cut the corner" did not constitute a proximate cause of the accident. It cannot be said as a matter of law that the driver of the truck should have anticipated a collision with a vehicle coming from the west. Reasonable anticipation is an essential element of proximate cause. *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 340, 93 N. W. 6. It is well settled that although the violation of a penal statute constitutes negligence, nevertheless, in order to constitute liability, there must be a causal relation between the violation and the injury. *Steinkrause v. Eckstein,* 170 Wis. 487, 175 N. W. 988; *Benesch v. Pagel,* 171 Wis. 620, 177 N. W. 861; *Westgard v. C., M. & St. P. R. Co.* 176 Wis. 636, 187 N. W. 658. We hold that the question of proximate cause was not only a jury question but that its finding in that respect is amply sustained by the evidence, and that judgment should have been rendered in favor of the defendant on the special verdict.

*By the Court.*—Order reversed, and cause remanded with directions to render judgment dismissing plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on January 9, 1923.