EDLER, Appellant, vs. ALGOMA FOUNDRY & MACHINE COMPANY, Respondent.

*November 4, 1929—February 4, 1930.*

For the appellant there was a brief by *P. J. Winter* of Shawano and *Adolph P. Lehner* of Oconto Falls, and oral argument by *Albert S. Larson* of Shawano.

For the respondent there was a brief by *Bruemmer & Bruemmer* of Kewaunee, and oral argument by *L. W. Bruemmer.*

The following opinion was filed December 3, 1929:

STEVENS, J. The case presents the question whether a manufacturer is liable for personal injuries sustained by one with whom it has no contractual relation where it is claimed that the injury is caused by failure to comply with a statutory requirement that machines manufactured by it shall be provided with safety devices.

It is a general rule that manufacturers are not liable for personal injuries sustained through the use of their product by persons with whom they have no contractual relations. To this rule there are certain well recognized exceptions in the case of products which are inherently and normally dangerous.

Machines which operate saws such as that in question are so inherently dangerous that the legislature determined that "No person, firm or corporation shall offer or expose for sale any machine for the purpose of sawing wood unless such machine shall be provided with reasonable safety devices for the protection from accidents from saws." Sec. 167.16, Stats. 1925.

Sec. 167.12 of the Statutes was a companion act which required that all "who shall sell, offer or expose for sale" corn shredders "shall provide such machine with safety or automatic feeding devices." It was held in *Derouso v. International Harvester Co.* 157 Wis. 32, 35, 145 N. W. 771, that the duty of the manufacturer to provide such machines with safety devices was absolute.

The proof is sufficient to establish the fact that the particular machine upon which the plaintiff was working at the time he was injured was manufactured and sold by the defendant company. The officers of the defendant testified that the company provided guards with every saw rig manufactured and sold by it. There is no proof to contradict this testimony. Proof that this saw rig or any other similar rig did not have a guard when it was pur-

chased from a retailer is not sufficient to raise a jury issue upon that question. To present that issue there must be proof tending to establish the fact that the defendant did not provide the machine with a guard when it was sold by it. Without such proof "plaintiff cannot recover under any theory of the law." *Galst v. American Ladder Co.* 165 Wis. 307, 311, 162 N. W. 319. The court was clearly right in holding that there was no issue for the jury on this question.

The fact that the guard was not in place at the time that the machine was sold does not render the company liable. The duty imposed upon the defendant by the statute was that the machine should be *"provided* with reasonable safety devices." When a machine is shipped knocked down with a guard securely fastened to it, although not in place, the company has "provided" such a safety device.

The court was in error in holding that the case did not present the question whether the guard provided was one adequate to meet the requirement that such machine should be "provided with reasonable safety devices." In *Derouso v. International Harvester Co.* 157 Wis. 32, 35–6, 145 N. W. 771, in considering the statute which imposed upon the manufacturers the duty to guard corn shredders, this court said that the statute required safety devices which shall be "reasonably adequate and efficient to perform the functions required of them," and "that if when properly maintained they fail to reasonably perform their purpose and injury results therefrom without fault of the injured person," the manufacturer is liable in damages.

The testimony of two witnesses, one of whom had long practical experience and the other expert engineering experience, to the effect that the guard did not provide adequate protection or no protection at all presented a jury issue upon the question of whether the guard supplied with the saw rig was a reasonable safety device. Because of the failure to submit this issue to the jury, the judgment

appealed from is reversed and the cause remanded for a new trial.

*By the Court.*—So ordered.

*On motion for rehearing.*

The following opinion was filed February 4, 1930:

The proof establishes the fact that the guard in question was not on the machine at the time the accident occurred. Even if a jury should find that the guard provided was not such a safety device as was required by sec. 167.16 of the Statutes of 1925, that finding would not establish the liability of the defendant because it could not be said "that such insufficiency was the proximate cause of the injury to plaintiff. It was not operating as a cause at all at the time the injury occurred." *Derouso v. International Harvester Co.* 157 Wis. 32, 36, 145 N. W. 771.

While the trial court was in error in holding that the proof does not present an issue as to the sufficiency of the guard, the error was not prejudicial, inasmuch as a finding that the guard was not a reasonable safety device would not establish liability, where the guard was not in place at the time of injury.

*By the Court.*—The mandate entered December 3, 1929, is vacated. The judgment is affirmed.

The following opinion was filed February 7, 1930:

FOWLER, J. (*on motion for rehearing*). I dissent from the disposition of the case made upon respondent's motion for rehearing, which affirms the judgment below and vacates the mandate originally entered reversing the judgment. The opinion of the court by Mr. Justice STEVENS holds that the statute involved, sec. 167.16, Stats. 1925, providing that no person shall offer or expose for sale any wood-sawing machine unless it is provided with a reasonable safety device for the prevention of accidents from the saw, imposed the

absolute duty on manufacturers to furnish such a device with every machine sold, and that it was for the jury to determine under the evidence introduced at the trial whether the device furnished by the defendant was sufficient. This holding was pointless unless it can be considered that the failure to furnish a device sufficient to satisfy the statute may be a cause of injury, as no device of any kind was on the machine involved at the time plaintiff was injured. It is now held that as no device was on the machine the manufacturer's failure to furnish a sufficient device with the machine when it sold it could not constitute a cause of the injury, and the case of *Derouso v. International Harvester Co.* 157 Wis. 32, 145 N. W. 771, is cited in support of the holding. In that case a similar statute requiring a safety device on a corn shredder was involved. A feeding device was furnished by the manufacturer when the shredder was sold, but it had been broken and was removed for that reason and was not on the machine at the time of the injury. It was held under the circumstance of the removal because of the breakage that the failure to furnish the device was not a cause of the injury. This was obviously because whether the feeding device was sufficient or insufficient it would have been broken and removed. It would not have been attached at the time of the injury in either case, and thus furnishing it would not have prevented the injury. In this case there is no evidence to account for absence of the saw guard. In the absence of evidence accounting for its absence it should be presumed that a sufficient guard would have been attached and remained attached had it been furnished by the manufacturer. A state of facts proven to exist will be presumed to have continued. 22 Corp. Jur. p. 86. In view of the presumption it was for the jury to say under all the circumstances shown by the evidence whether the guard furnished by the defendant was sufficient, and if not whether presence of a sufficient guard would have prevented, or omission to furnish it would have caused, the

plaintiff's injuries. Under the decision of the case finally made, furnishing an insufficient safety device which is maintained renders the manufacturer liable for injuries which a sufficient one would have prevented, while furnishing none at all relieves him from all liability. The decision permits evasion and avoidance of the statute, emasculates it, frustrates its purpose, and renders it ineffectual.

I am authorized to state that Mr. Justice CROWNHART concurs in this dissent.