Van Pool, Appellant, vs. Industrial Commission and others, Respondents.

*May 7—June 8, 1954.*

293

For the appellant there was a brief and oral argument by *Clyde M. Paust* of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, C. J.   Where injury is caused by the failure of an employer to comply with any statute or any lawful order of the commission, provision is made in sec. 102.57, Stats. 1949, for increasing compensation and death benefits 15 per cent. Order No. 3518 of the commission's general orders on safety in construction, in effect at the time of the injuries involved here, is set out in the foregoing statement of facts. The question is raised as to whether the findings of fact by the Industrial Commission cover alleged important facts on which the final conclusion must rest in a determination of the controversy. Appellant insists that the questions (1) whether the workmen could have seized the life line when the scaffold collapsed, and (2) whether the nature of the work permitted the men to secure themselves to the life line, were not passed upon by any findings of fact. We deem it sufficient, in consideration of those points, to call attention to the rule that findings need be only as to the ultimate facts where the evidence before the commission is sufficient to establish the ultimate facts declared or found and such facts are inherent in and necessary to the determination of the questions involved in arriving at the decision. Our duty on the appeal is to address ourselves directly to the question on whether the record reveals any credible evidence to sustain the findings of the commission.

Sec. 102.57, Stats. 1949, permits a recovery of increased compensation in cases involving a failure of the employer to comply with the lawful order of the Industrial Commission. "Whether there has been such failure presents an issue of

fact for the commission." *Hipke v. Industrial Comm.* 261 Wis. 226, 231, 52 N. W. (2d) 401. In the *Hipke Case,* it was decided that the "findings are conclusive if supported by any credible evidence [citing cases] as are its logical inferences from undisputed facts. *Scandrett v. Industrial Comm.* (1940), 235 Wis. 1, 291 N. W. 845." "Of course it can seldom be demonstrated to a mathematical certainty that the victim would not in some way manage to get into trouble even if the other party had performed the duty to provide safeguards, but it is not required that evidence be carried to the point of proof that the safety device would certainly have prevented the accident and, conversely, that its absence certainly caused it. Leaving contributory negligence out of the question for the moment, our decisions, and those of other jurisdictions over the years, demonstrate that when one owing a duty to make a place or an employment safe fails to do it and that accident occurs which performance of the duty was designed to prevent, then the law presumes that the damage resulted from—was caused by—the failure. The presumption may be rebutted, but if not rebutted by evidence, the plaintiff has met his burden of proof. 'If the very injury has happened which was intended to be prevented by the statute law, that injury must be considered as directly caused by the nonobservance of the law.' 38 Am. Jur., Negligence, p. 838, sec. 166." *Umnus v. Wisconsin Public Service Corp.* 260 Wis. 433, 438, 51 N. W. (2d) 42.

It is conceded that no life line was furnished to be used by the workmen. That ultimate fact was found. Here, however, the appellant contends that because the scaffold dropped suddenly there was a question of fact as to whether the workmen could have seized the life line. He points out that there was no finding to the effect that it was probable that the workmen could have saved themselves by seizing the free-hanging life line. Therefore, he concludes, the findings of

the commission really consist of a conclusion or decision. In support of his position he cites *Manitowoc Boiler Works v. Industrial Comm.* 165 Wis. 592, 163 N. W. 172. But that case does not excuse an employer from complying with a safety order; neither does it warrant requiring a finding that had a safety line been furnished, the workmen could not have secured the benefit of it. The evidence before the commission is to the effect that a safety line had been supplied up to the day of the accident, but that there was none furnished for the men at the critical time. The employer testified: "We had been using the line up until that morning." "*Q.* So at the time of the accident none of the men were provided with a safety line, is that right? *A.* We did not have a safety line down that morning." There is testimony by a deputy of the Industrial Commission that it was not common practice for an employee who was furnished with a life line to tie the line around himself. He said: "It wouldn't give them freedom of movement too well for doing a job, I believe." On the other hand, there was testimony by claimants that, based on their experience, use of a life line by fastening it to the body "wouldn't interfere at all." This reference is to the evidence in the record which resulted in the conclusion, based on facts found, that the injuries followed because of the employer's failure to supply the men with the required life line.

The commission's awards were upheld by the circuit court, and the commission's ruling was confirmed. In his memorandum decision, Judge REIS said: "These men unquestionably were on a 'swinging scaffold,' there was neither life line nor safety belt, and the men were injured when the scaffold fell. What more is needed to show violation of the safety order and consequent injury?"

*By the Court.*—Judgments affirmed.