Fitzpatrick, Appellant, vs. Rice and another,
Respondents.*

*May 2—June 5, 1956.*

* Motion for rehearing denied, with $25 costs, on September 11, 1956.

For the appellant there was a brief by *Allan Cain* of Kaukauna, attorney, and *Henry P. Hughes* of Oshkosh of counsel, and oral argument by *Mr. Hughes.*

For the respondents there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton.*

MARTIN, J.  In its decision on motions after verdict the trial court stated:

"The court has referred to the problem created by defendant's after-verdict motion as a simple one, when in fact it is one of the most troublesome that has been presented to the court for some time.  The difficulty arises in determining whether there is any reasonable inference, from the evidence introduced, to sustain the jury verdict or whether such verdict is based on conjecture and speculation.

"The failure of Gilbertson to testify leaves a clear absence of any evidence which connects his conduct with defendant's defaults or failures.  The burden was on the plaintiff, of course, to establish, by evidence or inferences therefrom, that such a relationship existed.  The picture is presented then of a truck illegally parked, without rear reflectors as required,

and a collision with an oncoming car from the rear. We can speculate that defendant's neglect somehow or other contributed to produce the collision, but therein lies the evil. I do not believe there is anything in the record by way of evidence, to which inferences could attach, to support the jury's answer to the cause question. . . .

"It seems to the court that there is a complete hiatus between the proof offered by the plaintiff and the answer of the jury finding defendant's negligence to be causal. The court concludes that it must set aside the answer of the jury finding defendant's negligent acts to be causal, for the reason that the record is barren of any proof, or reasonable inferences from any proof, that such neglect on the part of the defendant in any way operated as a substantial factor in bringing the end result of the collision between the standing truck and the oncoming Gilbertson car."

Appellant asserts that the trial court's conclusion is contrary to the established law in this state.

Since it is not disputed that the point of impact was about three feet toward the center of the Gilbertson car, there could be no causal connection between the accident and the position of the truck. Gilbertson would have collided with it even if it had been parked within twelve inches of the curb.

As to the absence of reflectors, appellant calls attention to *Walker v. Kroger Grocery & Baking Co.* (1934), 214 Wis. 519, 252 N. W. 721. There, in view of the speed of the plaintiff car and conditions of fog, this court held that a jury finding of proximate cause in the absence of a reflective signal on the rear of a stopped truck could not stand. From this appellant reasons that there being here "no evidence of speed on the part of Gilbertson nor of negligence with respect to lookout," the jury "might well infer that had there been reflectors on the Rice truck Gilbertson would have seen it and turned to the left in time to avoid the collision."

To make a finding of proximate cause there must be evidence upon which to reasonably conclude that Rice's negli-

gence affected Gilbertson's conduct. What was Gilbertson's conduct? We do not know, except that he ran into the truck. It may be presumed that the ordinarily prudent driver will not deliberately run into a vehicle he sees in his path. But there is no evidence that Gilbertson was an ordinarily prudent driver; there is no evidence that he was maintaining a lookout; there is no evidence as to when he saw the truck, if he saw it at all.

We do not disagree with any of the cases cited by appellant, but this case differs from all of them in that there is a "clear absence of any evidence" which connects Gilbertson's conduct with Rice's negligence. What appellant asks us to do is substitute for such evidence a presumption of due care as to Gilbertson's lookout simply because there is no evidence of his negligence in that respect. This we cannot do. Gilbertson's failure to testify is not explained by any showing that he was deceased, incompetent, or unavailable, and entitles appellant to no presumption.

If it had been shown that prior to the collision Gilbertson's attention was properly directed to the scene before him, the inference could be drawn that he would have seen reflectors on the truck had they been there and managed to avoid the collision. On the state of the record before us, however, to "infer" that reflectors would have been seen by him in time to avoid the collision would be to employ pure speculation. We could as easily speculate that he was turning around and visiting with his passengers before the accident, in which case he would not have seen the truck if reflectors were there. The record does not show whether or not he had headlights on or, if he did, whether they enabled him to see the distance that the statutes require. Reflectors are of no effect unless light is shone upon them.

Appellant maintains that *Felix v. Soderberg* (1932), 207 Wis. 76, 240 N. W. 836, controls this case. The rule of that case and other cases cited is to the effect that an illegally

stopped vehicle may, *under some circumstances,* be held to contribute to a collision with a vehicle which strikes it. In the *Soderberg Case* there was evidence as to the driver's lookout, his speed, and other specific circumstances concerning the accident. In this case we do not reach the point of considering the rule because of the complete lack of evidence as to Gilbertson's acts.

*By the Court.*—Judgment affirmed.

GEHL, J. (*concurring*). Counsel for plaintiff concede that while the violation of a penal statute constitutes negligence as a matter of law recovery does not necessarily follow, and that to establish liability causal connection between the violation and the injury must be established; it is for that reason no doubt that the cases on the subject are not discussed in the opinion of the majority.

We said in *Smith v. Taylor-Button Co.* (1923), 179 Wis. 232, 236, 190 N. W. 999:

"It is well settled that although the violation of a penal statute constitutes negligence, nevertheless, in order to constitute liability, there must be a causal relation between the violation and the injury."

And we cited *Steinkrause v. Eckstein* (1920), 170 Wis. 487, 175 N. W. 988; *Benesch v. Pagel* (1920), 171 Wis. 620, 177 N. W. 861; *Westgard v. Chicago, M. & St. P. R. Co.* (1922), 176 Wis. 636, 187 N. W. 658. To these citations might have been added *Stacy v. Knickerbocker Ice Co.* (1893), 84 Wis. 614, 54 N. W. 1091; *Derouso v. International Harvester Co.* (1914), 157 Wis. 32, 145 N. W. 771; *Schmidt v. Wisconsin Sugar Co.* (1922), 175 Wis. 613, 186 N. W. 222.

Among those since decided and in which we have adhered to the rule are *Edler v. Algoma F. & M. Co.* (1930), 200 Wis. 471, 227 N. W. 944, 229 N. W. 64, and *McNamer v. American Ins. Co.* (1954), 267 Wis. 494, 66 N. W. (2d)

342. In each of these cases as well as in *Derouso v. International Harvester Co., supra,* and *Westgard v. Chicago, M. & St. P. R. Co., supra,* there was involved, as there is in the instant case, the very injury which it was intended by the applicable statute to prevent, and still we held that to establish liability there must be a causal relation between the violation and the injury. It seems to me that if we were to reject this rule and adopt the contrary, it would follow that in every case involving the violation of a safety statute and a finding of negligence in that respect and, regardless of the fact that there might be an absolute lack of proof on the issue, it would be required that there be submitted to the jury the relative causal question. The enormous effect of such a ruling will be seen when it is considered that in a great majority of automobile cases the negligence charged constitutes a violation of a safety statute and an injury which is intended to be prevented by the statute.

Language is used in *Umnus v. Wisconsin Public Service Corp.* (1952), 260 Wis. 433, 51 N. W. (2d) 42, and *Van Pool v. Industrial Comm.* (1954), 267 Wis. 292, 64 N. W. (2d) 813, to the effect that in those cases there existed a presumption that the damage resulting from the violation of a statute in the former and an order of the industrial commission in the latter was caused by the nonobservance of the law or the order. It must not be overlooked, however, that the former involved a violation of the safe-place statute, which imposes a duty beyond that imposed by common law, *Bunce v. Grand & Sixth Building, Inc.* (1931), 206 Wis. 100, 238 N. W. 867, and *Mullen v. Larson-Morgan Co.* (1933), 212 Wis. 52, 249 N. W. 67, and that in the latter there was found to have been a violation of a safety order in an action brought under the provisions of the Workmen's Compensation Act regarding which this court has said:

"An injury is caused by the failure of an employer to guard a machine where it appears as a fact that the particular injury

from which the employee suffered would not have been sustained by the employee if the machine had been guarded as required by law, and the employer is liable therefor unless it is caused by a want of ordinary care on the part of the employee which is wilful. The chain of physical causation is complete, *and whether or not the failure to guard is the proximate cause of the injury in the sense in which that term is used in the law of negligence is immaterial."* (Italics ours.) *Manitowoc Boiler Works v. Industrial Comm.* (1917), 165 Wis. 592, 595, 163 N. W. 172.

There is no testimony whatever as to the conduct of Gilbertson and the effect which the absence of taillights and reflectors had upon him and upon the manner in which he operated his car at and just immediately prior to the collision. There is no room for inference. There is no showing of a causal connection between the absence of the lights and the injury.

BROADFOOT, J. (*dissenting*). We are presented with a situation where there was a violation of a safety statute on the part of the parked Rice truck in failing to equip the same with reflectors, and a collision happened as a result of the Gilbertson automobile running into the rear of such truck. Thus the very accident occurred which the violated statute was intended to prevent.

A particular negligent act, such as the violation of the safety statute in the instant case, constitutes a proximate cause of the accident if such act was a substantial factor in producing it. *Pfeifer v. Standard Gateway Theater, Inc.* (1952), 262 Wis. 229, 236, 55 N. W. (2d) 29.

4 Blashfield, Cyc. Automobile Law and Practice (perm. ed.), p. 141, sec. 2643, states that the question, of whether failure to have proper lights on a parked vehicle constitutes a proximate cause of an accident resulting from another vehicle colliding therewith, is usually for the jury to determine. For an annotation on the subject of failure to have

taillights or reflectors on parked or moving vehicles, see Anno. 21 A. L. R. (2d) 7, at page 66 *et seq.*

Prosser, Law of Torts (2d ed.), p. 281, sec. 50, states that "where reasonable men could not differ as to whether the defendant's conduct was, or was not, a substantial factor in producing the result" the determination of the question of causation is for the court; but *"in cases where reasonable men might differ—which will include all but a few of the cases in which the issue is in dispute at all—the question is one for the jury."* (Emphasis supplied.)

Restatement, 2 Torts, p. 1172, sec. 434, in discussing the functions of the court and jury in passing on the question of causation in negligence cases, states:

"If the evidence is conflicting or, although not contradictory, is open to two or more reasonable inferences as to what actually took place, the case must be left to the jury."

In the instant case there was no conflict in the testimony as to the driver Gilbertson's conduct and the jury were entitled to draw the inference that, if the parked truck had been equipped with proper reflectors, Gilbertson might have been warned thereby of the presence of the truck in time to have avoided the collision.

We consider the case of *Miles v. General Casualty Co.* (1949), 254 Wis. 278, 36 N. W. (2d) 66, to be directly in point. In that case a stalled truck, which was owned by the defendant Goodrich Company, stood partly on the north shoulder and partly on the north traveled portion of the highway, and the driver failed to put out flares or fusees as required by statute. A wrecker stopped on the north side of the highway, a little to the east of the stalled truck, for the purpose of hooking a chain onto the truck in order to tow it away, when one Kern approached driving his automobile in a westerly direction. Kern did not see the wrecker in time to avoid an accident and collided with it. In discussing the question of causation this court stated (p. 286):

"While it is true, as contended by the Goodrich Company, that the principal cause of the accident was the heedless and reckless driving of Kern, it was clearly a question for the jury under the circumstances of this case to determine whether the absence of the lights was a substantial cause of the end result. Being a jury question it was one which the jury might decide either way."

In *Umnus v. Wisconsin Public Service Corp.* (1952), 260 Wis. 433, 51 N. W. (2d) 42, a widow sought to recover for the wrongful death of her husband who fell through an unguarded opening in the floor of a building under construction. It was therein determined that the failure to guard such opening with a railing constituted a violation of the safe-place statute. The question of whether such failure constituted a proximate cause of the death of decedent was considered at some length in the opinion of this court because no one saw the decedent fall through the opening. This court, in its opinion, stated (p. 438) :

"Leaving contributory negligence out of the question for the moment, our decisions, and those of other jurisdictions over the years, demonstrate that when one owing a duty to make a place or an employment safe fails to do it and that accident occurs which performance of the duty was designed to prevent, then the law presumes that the damage resulted from—was caused by—the failure. The presumption may be rebutted, but if not rebutted by evidence, the plaintiff has met his burden of proof. 'If the very injury has happened which was intended to be prevented by the statute law, that injury must be considered as directly caused by the nonobservance of the law.' 38 Am. Jur., Negligence, p. 838, sec. 166."

The above-quoted portion of the opinion in *Umnus v. Wisconsin Public Service Corp., supra,* was quoted with approval in the later case of *Van Pool v. Industrial Comm.* (1954), 267 Wis. 292, 295, 64 N. W. (2d) 813.

While this court in the *Umnus Case* stated that there is a *"presumption"* of causation arising from the occurrence of the accident, where a safety statute has been violated which was intended to prevent the very type of accident which occurred, this is but another way of stating that the plaintiff has in such a situation established a *prima facie* case in so far as meeting the burden of proof is concerned on the issue of causation. Such *prima facie* case permits the jury to find that the defendant's act of negligence, in violating the safety statute, constituted a proximate cause of the accident. Therefore, in the instant case, the plaintiff made out a *prima facie* case on the causation issue. The defendant Rice could have rebutted such presumption by introducing evidence that the driver Gilbertson was not looking ahead at the time of the collision. But the failure to introduce any evidence as to Gilbertson's lookout certainly did not destroy such *prima facie* case on the part of the plaintiff, and prevent the jury from answering the causation question in plaintiff's favor.

We of the minority would reverse, with directions to reinstate the verdict and grant the plaintiff judgment thereon.

I am authorized to state that Mr. Justice BROWN and Mr. Justice CURRIE concur in this dissent.