MILWAUKEE AUTOMOBILE MUTUAL INSURANCE COMPANY, Respondent, v. NATIONAL FARMERS UNION PROPERTY & CASUALTY COMPANY and another, Appellants.

*April 1—April 28, 1964.*

664

For the appellants there were briefs by *Moen, Sheehan & Meyer,* and *L. E. Sheehan,* all of La Crosse, and oral argument by *L. E. Sheehan.*

For the respondent there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *William P. Skemp.*

WILKIE, J.   A number of issues are presented on this appeal concerning the negligence of Kuckuck. We first consider these issues.

1. *Was any negligence on the part of Kuckuck in failing to give a proper right-turn signal, as a matter of law, not causal?*

Appellant's first complaint is that any negligence on the part of Kuckuck in failing to give a right-turn signal *was not causal.* There is no merit in this contention.

"To make a finding of proximate cause there must be evidence upon which to reasonably conclude that Rice's negligence affected Gilbertson's conduct." [1]

Here, Miss Chambers testified that Kuckuck pulled off onto the right shoulder, gave no right-turn signal, and then suddenly started his half-moon turn to the right by turning to his left across the center line before starting onto the driveway. On her version of the accident, which the jury was entitled to adopt, Miss Chambers was led to believe he had pulled over to let her pass so she started to do so. She was misled, whereas she probably would not have been if Kuckuck had given a proper signal.

2. *Was it an abuse of discretion for the trial court to present the case to the jury as an ultimate-fact verdict and not with special interrogatories as to specific items of negligence?*

The main argument by appellant is that there should have been a verdict on individual items of negligence and the trial court abused his discretion in failing to submit the case that way. This is nothing more than a reargument of the propriety of an ultimate-fact verdict. The proper way to change the rule is in a proceeding to change the rule, not in an individual case. On the merits the appellant presents nothing more than the usual arguments in favor of the particular-item verdict as against the ultimate-fact verdict. That the ultimate-fact verdict permits the jury to do better what it most practically does, namely, look at the overall negligence of the parties and attach the blame accordingly without being trapped by technicalities and inconsistencies when considering the negligence of the parties piecemeal, remains as the most-effective argument for the use of the ultimate-fact verdict. Clearly there was no abuse of discretion on the part of the trial court in submitting the case to the jury the way it did.

---

[1] *Fitzpatrick v. Rice* (1956), 273 Wis. 201, 204, 77 N. W. (2d) 515.

3. *Was the issue of Kuckuck's lookout improperly submitted to jury?*

The appellant argues that it was improper to submit a specific instruction relating to Kuckuck's negligence as to lookout under the circumstances of this case. Kuckuck contends that because he had observed Miss Chambers when she was one quarter of a mile to his rear, and because, as the lead driver he could properly assume that an automobile to his rear would be maintained under such control as to not interfere with his free use of the road, he had no further obligation to again make any observation to his rear before attempting to negotiate the right-hand turn.

But the lead driver's "right to rely" upon the rear driver's management and control is not applicable to the facts in this case. As indicated, there was evidence that after observing Miss Chambers, Kuckuck pulled his tractor and wagon partly onto the right shoulder and then, as the Chambers vehicle started to pass, Kuckuck's trailer and wagon veered out to the left and over the center line.

After moving onto the shoulder, Kuckuck had a duty, as a matter of law, to again make an observation to his rear before making his movement in commencement of the right turn.[2]

4. *Was jury determination as to negligence of Kuckuck duplicitous?*

Appellant complains that the jury determination as to the negligence of Kuckuck was duplicitous in that the trial court apprised the jury of Kuckuck's duty to maintain proper management and control of his vehicle and also instructed the jury as to the provisions of sec. 346.31, Stats., relating to the proper method of negotiating a right-hand turn.

As discussed in the case of *Merlino v. Mutual Service Casualty Ins. Co.*[3] decided this date, "we deem it inadvisable

---

[2] Secs. 346.13 (1) and 346.34, Stats.
[3] Ante, p. 571, 127 N. W. (2d) 741.

to extend the concept of duplicity to the area of the instructions to the jury" in cases where an ultimate-fact verdict is involved. Following the reasoning set forth in that discussion, we conclude that there was no error in the trial court's instructions.

A further matter raised on this appeal is the proper procedure to be followed in submitting for the jury's consideration the reasonableness of a compromise settlement, which forms the basis of a suit for contribution as between two or more joint tort-feasors.

The contribution aspect of this case was not submitted properly to the jury. The jury was asked to determine what sums would reasonably compensate Marie Bradley (a guest in the Chambers automobile) for her injuries sustained as a result of the accident.

The jury answered "zero" for her pain, suffering, and disability. The trial judge determined that this answer was not supported by the evidence. He determined that with medical bills of $1,015.87, and the uncontradicted testimony of Mrs. Bradley's fracture, the sum of $2,734.13 was reasonable for pain and suffering. He changed the jury's answer so that the total amount of her damages was $3,750 (the amount of the settlement). The evidence supports the trial judge's action.

Although we sustain the trial court's judgment as to the reasonableness of the sum ultimately allowed for pain and suffering and thereby sustain the entire judgment below, it is clear that the precise issue raised by the trial was only obliquely tried. This was a suit for contribution. The precise matter at issue was the reasonableness of the plaintiff's settlement with the passenger third party. The reasonableness of the settlement is not necessarily commensurate with the actual injuries and pain and suffering sustained by the passenger. Many factors other than actual damage, or for that matter, even liability, determine settlement strategy and result. The

plaintiff attempted to offer testimony of an attorney as to the reasonableness of the settlement. This testimony was improperly excluded by the trial court. The fact that an attorney, as an attorney, is not expert in medical matters does not preclude him from testifying as to the reasonableness of a negotiated settlement which reflects factors other than medical testimony. Such factors relating to the nature of negotiated settlements in litigation are matters peculiarly within the province of an attorney. Therefore, this testimony should have been admitted. The verdict questions relating to damages should have been phrased, in effect, as follows:

(1) Was the sum paid by the plaintiff in settlement of the passenger's injuries a reasonable negotiated settlement?

(2) If not, what sum represents a reasonable negotiated settlement under the circumstances of this case?

*By the Court.*—Judgment affirmed.