100

BUNCE, Respondent, vs. GRAND & SIXTH BUILDING, INC., and another, Appellants.

*October 16—November 10, 1931.*

For the appellant Midwesco Theatres, Inc., there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

For the appellant Grand & Sixth Building, Inc. there was a brief by *Barry & Rosenheimer* of Milwaukee, and oral argument by *John S. Barry.*

For the respondent there was a brief by *Gold & McCann,* attorneys, and *W. G. Sullivan* of counsel, all of Milwaukee, and oral argument by *Ray T. McCann.*

FOWLER, J. The action is to recover for injuries sustained by the plaintiff in falling in the toilet room of a theater, the stalls of which were in line on different levels, four on each. The plaintiff entered on the lower level. The lower stalls were all full, the higher empty. In passing to the empty stalls the plaintiff stumbled over the step up to their level. She had two small grandchildren with her, one close ahead and the other close beside her. The room was well lighted but only with ceiling lights. The step was in an open arch.

The action is grounded on the safe-place statute. The jury found violation of the statute because of (a) the step between the two parts of the room; (b) having the two parts of the room on different levels; and (c) not having a light in the step; and acquitted the plaintiff of contributory negligence. Judgment was entered on the verdict for the damages assessed.

The only question raised by defendants is that a verdict should have been directed because the evidence showed as matter of law that the presence of the step was not a violation of the statute. The statute, sec. 101.06, reads:

. . . "Every owner of a . . . public building . . . shall so construct, repair or maintain such . . . public building, and every architect shall so prepare the plans for the construction of such . . . public building, as to render the same safe."

Sec. 101.01 provides that the term "safe" as used in sec. 101.06 in reference to public buildings means "such freedom from danger to the . . . safety of . . . the public . . . as the nature of the . . . public building will reasonably permit."

Defendants' counsel urge that independent of other considerations it should be held upon the physical situation above stated that the step did not render the place unsafe. *Wilson v. Evangelical Lutheran Church*, 202 Wis. 111, 230 N. W. 708,

and *Hommel v. Badger State Inv. Co.* 166 Wis. 235, 165 N. W. 20, are cited in support of this contention. In the *Wilson Case* it is stated that "the presence of steps may be very dangerous to frequenters . . . . if they are in any way concealed from view." This is obvious, but it is not to be inferred from it that a step may not be dangerous if not concealed from view if it is in a place where its presence would not reasonably be anticipated. The *Hommel Case* seems to us clearly to refute rather than support counsel's proposition. Mrs. Hommel entered a well lighted vestibule, five feet square, on the far side of which was a marble step, of color different from that of the floor of the vestibule. Four inches beyond this step swinging doors led into a lobby. Supposing the lobby and the vestibule were on the same level, Mrs. Hommel, without making any particular observation, pushed open the swinging doors and in entering the lobby stumbled over the step and fell sustaining injury. The step there involved was quite as open to observation as the one here. It was even more so, because here the step was of the same color as the floor while there the sharp contrast between the color of the step and the floor would be likely to attract attention. One would have no more reason to anticipate the presence of a step in one case than the other. A person entering a well lighted public toilet is quite likely to be so engrossed in the object of his entry as not to be anticipating or looking for impediments that may cause him to stumble, and that women will enter public toilets for women accompanied by small children engrossed in speedily attending to pressing physical needs of their charges is not beyond the realm of reasonable anticipation. We consider that a jury under the circumstances here involved might properly find that the place was not as safe as the "nature of the place would reasonably permit." Especially is this true when, as stated by defendants' counsel in their brief, "The building inspector of the city and two architects of by far the greatest experience

in such matters testified that the construction was a proper one. Three architects testified that it was not." When the experts disagree in a jury case the question can hardly be settled except by the jury.

Counsel urge that because the owner engaged an architect to prepare the plans for the enlargement of the toilet facilities by adding the four stalls on a different level that it cannot be held guilty of negligence. Although the statute proclaims that "every architect shall so prepare plans for the construction of . . . such public buildings as to render the same safe," the duty of rendering the place safe is primarily and positively placed on the owner, and that he procures an architect does not relieve him from his obligation in that regard.

It is contended that because the changes made do not run counter to the provision of the building code of the city of Milwaukee or the orders of the Industrial Commission governing the matter of steps, all which were introduced in evidence, the defendants cannot be held liable. This is untenable. Violation of a provision of an ordinance or order of the commission would doubtless impose liability under the statute, in absence of contributory negligence, unless the provision should be held unreasonable as matter of law. But it does not follow that if no provision is violated there is no liability. Ordinances or orders can hardly be framed to cover every conceivable situation. Those in evidence relate to the dimensions and surface of steps, not to their location. In absence of an order applicable to the situation involved, as stated in *Wilson v. Evangelical Lutheran Church, supra*, "The question presented . . . is one for the jury as to whether or not the premises were so constructed and maintained as to be reasonably safe." And it may be noted that no violation of ordinance or order was involved in *Hommel v. Badger State Inv. Co., supra.*

Counsel for defendants cite several common-law cases in which similar situations have been held not to create liability

on the ground of negligence: *Main v. Lehman,* 294 Mo. 579, 243 S. W. 91; *Albachten v. Golden Rule,* 135 Minn. 381, 160 N. W. 1012; *Hoyt v. Woodbury,* 200 Mass. 343, 86 N. E. 772, and others not involving situations so similar. But there are common-law cases to the contrary. *Bloomer v. Snellenburg,* 221 Pa. St. 25, 69 Atl. 1124; *Polenske v. Lit Bros.* 19 Pa. Super. Ct. 474. But these cases, not involving a safe-place statute, are not in point. As held in *Rosholt v. Worden-Allen Co.* 155 Wis. 168, 144 N. W. 650, the statute imposes a duty beyond the duty imposed by common law. A place must not only be reasonably safe, as it was required to be by our common-law decisions, but it must be as "free from danger as the nature of the place will reasonably permit." We cannot say that the jury were not justified in finding that the mandate of the statute was not fulfilled.

*By the Court.*—The judgment of the circuit court is affirmed.