ERBE, Appellant, vs. MAES, Respondent.

*December 7, 1937—January 11, 1938.*

*Allan V. Classon,* attorney, and *Donald W. Gleason* of counsel, both of Green Bay, for the appellant.

For the respondent there was a brief by *North, Bie, Duquaine, Welsh & Trowbridge* of Green Bay, and oral argument by *F. N. Trowbridge.*

WICKHEM, J. Defendant conducted a haberdashery store in the city of Green Bay. The entrance to this store was of tile, with a gradual slope from the sidewalk to the entrance door. At the time of the accident, and for some years prior thereto, it was defendant's custom to place in the entrance immediately outside the door of the store a rubber mat with perforated holes, the mat being approximately six feet in length, two feet nine inches in width, and one-third inch in thickness. On December 28, 1936, plaintiff, while entering the store, caught her foot on the end of the mat and fell, sustaining a severe fracture of the right patella. The

complaint states two causes of action, one based on negligence, and the other on violation by defendant of the safe-place statute (sec. 101.06). The court declined to submit the case to the jury under the safe-place statute, and its failure so to do constitutes the first assignment of error.

The argument of plaintiff is that, while the rubber mat may not have been a structural defect, it need not be for the reason that defendant was an employer, and as an employer had a duty not only with respect to the structure which constituted the place of employment of his employees, but with reference to devices and other property installed or placed in such a place; that this duty extends not merely to employees but to frequenters, and that plaintiff, as a customer, falls in the class of frequenters, and is entitled to protection of the rule. *Jaeger v. Evangelical Luth. Holy Ghost Cong.* 219 Wis. 209, 262 N. W. 585. Defendant's reply is that, since this is not a structural defect, and since defendant is the owner of the building, the rule also stated in the *Jaeger Case,* that the owner under the safe-place statute is liable only for structural integrity of the building, applies. We do not deem it necessary to determine this question in view of our conclusion that there was no jury question under the safe-place statute. The rubber mat was concededly in good condition and repair, and extended only one third of an inch above the surface of the tile. Its presence in the doorway will not support an inference that the defendant, if considered as an employer, did not furnish a place of employment safe for employees and frequenters. The thickness of the mat is so slight when considered in connection with its use by pedestrians as not to constitute a hazard of any consequence. Had the mat been reduced in thickness, its tendency to curl or buckle and to cause those passing over it to stumble would be materially increased. Had it not been placed upon the ramp during the winter season, it might easily be

contended that, because of the tendency of tile to become slippery, the premises were being maintained in an unsafe condition. In view of this, we fail to discover any basis for a conclusion that the place was not as safe as it could reasonably have been made.

This conclusion disposes of the contention that the court should have submitted the case to the jury under the safe-place statute, and, since the defendant's duty under the safe-place statute is broader in scope than his duty of ordinary care, the conclusion makes it unnecessary to consider alleged errors during the trial which are applicable to the issue of negligence. It follows from our conclusions with respect to the safe-place statute that there was no issue of fact with respect to defendant's negligence, and that defendant was entitled to a directed verdict in response to his motion therefor.

*By the Court.*—Judgment affirmed.