Prehn and another, Appellants, vs. C. Niss & Sons, Inc., Respondent.

*November 9—December 5, 1939.*

The cause was submitted for the appellants on the brief of *Mayer, Vandercook, Wilde & Rice,* attorneys, and *Walter F. Mayer* of counsel, all of Milwaukee, and for the respondent on that of *Lines, Spooner & Quarles,* attorneys, and *Chas. B. Quarles* and *L. S. Clemons* of counsel, all of Milwaukee.

FAIRCHILD, J. We agree with the courts below that a cause of action was not established. The judgment must be

affirmed. It has not been shown that the defendant failed in the performance of any duty resting upon him as owner of a building or as an employer in furnishing a place as safe "as the nature of the employment, place of employment, or public building, will reasonably permit." Sec. 101.01 (11), 101.06, Stats. There is no defect in the structure of the building alleged or proved; and when the inquiry is turned in search of defects in safety devices or position of furniture or fixtures, we find a carefully constructed platform substantially marked and set apart for its particular use. When an employer erects a suitable instrument necessary for the conduct of his business in open view to all so that anyone exercising ordinary care will know of its presence, he is acting within his rights. *Erbe v. Maes,* 226 Wis. 484, 277 N. W. 111; *Heckel v. Standard Gateway Theater,* 229 Wis. 80, 281 N. W. 640. There is no room under the evidence in this case for a claim that a trap existed; and as to the general condition and knowledge thereof on the part of the plaintiff Sophia Prehn, there is no countervailing evidence to that which indicates she must have been aware of the presence of the platform.

The question revolves about the measure of duty owed a business invitee when the host is both employer in and owner of a building. In previous cases, *Erbe v. Maes, supra,* and *Holcomb v. Szymczyk,* 186 Wis. 99, 202 N. W. 188, this court has stated without deciding the question of whether one who is owner of a building and also is maintaining it as a place of employment is liable only for structural defects as owner or sustains the larger liability of an employer. The case at bar squarely presents this question and, having given it full consideration, we hold that a person in the situation above outlined sustains not merely the liability of an owner under the safe-place statute but also the larger liability of one conducting a place of employment. Hence, if there is a failure to comply with the requirements of the safe-place statute,

the mere fact that the injury is caused by a defect other than a structural defect would not of itself be sufficient to excuse from liability one who is both employer and owner.

The statute as it is drawn may amount to something of a merger of capacities, but however this may be, the responsibility arises out of the relation which the defendant bears to the employee or frequenter.

In this case some confusion seems to have existed because of the lack of definiteness in the pleadings as to defendant's liability under the statute, but because of the conclusion reached it is not considered necessary to subject the pleadings to any extended analysis.

*By the Court.*—Judgment affirmed.