BRADSTROM and wife, Appellants, vs. LASKER JEWELERS and others, Respondents.

*May 10—June 15, 1951.*

For the appellants there was a brief by *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, attorneys, and *Hansen, Kaiser & Steinbring* of Eau Claire of counsel, and oral argument by *William A. Sheldon.*

For the respondents there was a brief by *Ramsdell, King & Carroll* of Eau Claire, for the Eau Claire Hotel Company,

and by *Farr & Brown* of Eau Claire, for the Lasker Jewelers and Reynolds Hotel Company, and oral argument by *Bailey E. Ramsdell* and *Donald R. Farr.*

BROWN, J.   The safe-place statute under which the actions are brought provides:

"101.01 . . . (11)   The term 'safe' or 'safety' as applied to . . . a public building, shall mean such freedom from danger to the life, health, safety, or welfare of . . . frequenters, or the public, . . . as the nature of the . . . public building, will reasonably permit."

It is conceded for the purposes of this appeal that the duty imposed by the statute is owed by defendants to plaintiffs. The issue is whether a finding by a jury that the place was not as safe as its nature would reasonably permit could be sustained if there was proof of the facts alleged in the complaint respecting the premises and proof of those facts only.

When there is a difference in levels between two parts of premises owned or controlled by one person he is confronted by a dilemma if he wishes to maintain communication between them. He may have a step which permits each of the adjacent areas to be level but which produces an abrupt difference of elevation, conducive to tripping or stumbling; or he may have a ramp which dispenses with so abrupt a change but results in an inclined floor with its own disadvantages tending to promote slipping and sliding. We take judicial notice that a step is a usual and reasonable device employed to facilitate foot passage from one level to another. In itself it does not violate the requirement of reasonable safety. It has been held to be such a violation where there were present factors which prevented the frequenter of the place from noticing the step, as where a door was interposed within a few inches of the step, *Helms v. Fox Badger Theatres Corp.* (1948), 253 Wis. 113, 33 N. W. (2d) 210, or where a pronounced change in light occurred, *Helms Case, supra,* or where the purpose of the place was such that proprietors

should expect frequenters to be inattentive to difference of levels in the absence of special warning. *Bunce v. Grand & Sixth Building, Inc.* (1931), 206 Wis. 100, 238 N. W. 867.

Plaintiffs plead no particular in which this step, because of its construction or situation, is more hazardous than the safest of steps. If the present allegations raise a jury question it is raised by the bare combination of a step and a fall. If lack of a warning sign or device breaches the duty owed to frequenters of premises as they are described in these complaints, such warnings must be required for all steps in public places. We cannot reach such a conclusion. In *Prehn v. C. Niss & Sons, Inc.* (1939), 233 Wis. 155, 288 N. W. 736, the plaintiff stumbled over a platform eight inches high located on the floor of defendant's store in full view and used as a lecture platform. There was no evidence of a trap and nothing except the fall to indicate that the plaintiff was not aware of the general condition of the premises and the presence of the platform. In *Erbe v. Maes* (1938), 226 Wis. 484, 277 N. W. 111, plaintiff tripped over a rubber mat, which was not itself defective, in the vestibule of a store. It was argued that the mat should have been different or that there should have been no mat at all. In both cases we held that there was no issue of fact which could be submitted to the jury of defendants' negligence under the safe-place statute.

Appellants' brief contains many allegations of fact which the complaints do not contain. In consideration of demurrers we are limited to those facts alone which are pleaded. Upon such facts we cannot hold that the safety of this place containing a step is a jury question under the safe-place statute unless we are ready to hold that by itself the presence of a step or steps in any public place is a potential breach of the duty owed by the custodian or owner of the premises to an employee, frequenter, or member of the public. We have not gone to that length in the past and are not ready to do so now.

We conclude that the complaints fail to state causes of action and the learned trial court properly sustained the demurrers to them.

*By the Court.*—Orders affirmed.