ERMIS, Plaintiff, v. FEDERAL WINDOWS MANUFACTURING COMPANY, INC., Defendant and Appellant: AMERICAN AUTOMOBILE INSURANCE COMPANY, Interpleaded Defendant and Respondent.*

*May 7—June 26, 1959.*

* Motion for rehearing denied, with $25 costs, on October 6, 1959.

For the appellant there were briefs by *Schlotthauer & Jenswold* of Madison, and oral argument by *John F. Jenswold.*

For the respondent there was a brief by *Arnold, Philipp & Murray* of Milwaukee, and oral argument by *James T. Murray.*

BROADFOOT, J.   At the opening of the hearing on the controversy between the insurance companies the trial court made the following statement:

"If I understand correctly, at a pretrial conference the question was raised here as to a possible coverage question, and there is a factual situation to determine as to whether or not the coverage of American Automobile Insurance Company applies."

In its memorandum decision the trial court stated that in his view the issues were as stated above.  The two insurance companies seem to disagree as to the issues that were to be resolved by the trial court at the hearing.  Bituminous contends that the issues were whether there was coverage under either or both of the policies involved, and which insurance company has the obligation to defend the suit.  American, on the other hand, contends that the issue was the question

of ultimate liability and that Bituminous had the burden of proving liability.

Since no record of what occurred at the pretrial conference is incorporated in the bill of exceptions we cannot state with certainty just what the issues were. We must conclude, however, from the record that the issue related to coverage and not to ultimate liability. From the small amount of testimony introduced at the hearing there was a *prima facie* showing that the plaintiff was injured during the process of loading the truck. The automobile policy issued by American contained the following provision:

"1. Coverages
"A—Bodily Injury Liability—Automobile. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, and arising out of the ownership, maintenance, or use of any automobile, including the loading and unloading thereof."

The words "including the loading and unloading thereof" are an extension of the use clause and cover operations or acts in which the movement of the truck itself does not play a part. To make American liable there will have to be proof upon the trial that the plaintiff was injured during a loading operation.

Our attention is called to two Wisconsin cases dealing with injuries to third persons during alleged unloading operations. Those cases are *Stammer v. Kitzmiller,* 226 Wis. 348, 276 N. W. 629, and *Hardware Mut. Casualty Co. v. Saint Paul-Mercury Indemnity Co.* 264 Wis. 230, 58 N. W. (2d) 646. These will be of little help in the trial of the case as they deal with the question of when an unloading process has been completed.

Several cases from other jurisdictions have been cited. The case most comparable on the facts is *Bituminous Casu-*

*alty Corp. v. Travelers Ins. Co.* (D. C. Minn.), 122 Fed. Supp. 197. This was a decision by a United States district court in Minnesota and was determined under Minnesota law. In that case one Williams was a trucker engaged in hauling agricultural limestone from a quarry to various farmers. While his truck was being loaded at the quarry he was injured by a power shovel that was being operated by an employee of the quarry company. Bituminous had issued a general comprehensive liability policy to the quarry company. Williams sued the quarry company and its shovel operator in the district court for Olmsted county, Minnesota. Travelers had issued an ordinary liability policy insuring the use of the truck, including loading and unloading. Bituminous tendered the defense of the suit to Travelers and the tender was refused. Williams recovered a judgment against the quarry company and its shovel operator. Bituminous paid the judgment and brought suit in federal district court to recover the amount paid in satisfaction of the judgment and also for reasonable attorney's fees for the defense of the action. The federal court held that the Travelers policy covered the shovel operator as an additional insured and that it was liable. Each insurance company claimed that its policy was excess insurance, but the court determined that the amount paid to Williams, together with reasonable attorney's fees, should be prorated according to the applicable amount of each insurance policy. While not controlling in Wisconsin, the reasoning seems logical and should be considered in the ultimate disposition of the case.

At the stage of the proceedings when the hearing was held the issues properly to be determined were the questions of coverage by American and who should defend the action. From the language of the American policy it is clear that there was coverage if the plaintiff was injured during a loading operation involving the truck. Bituminous had tendered the defense of the action to American, which tender was

refused. In case of ultimate liability American may be liable for its proportionate part of the cost of the defense.

The record discloses that after the judgment from which this appeal was taken had been entered, Bituminous made a settlement with the plaintiff. Therefore at the trial of the case Bituminous will have the burden of proving that the plaintiff was injured during a loading operation and that plaintiff sustained damages at least in the amount he was paid.

American contends that it was improperly joined as a defendant in the action. Its policy was issued in Wisconsin where the no-action clause is inoperative. Under the provisions of sec. 260.11, Stats., which is to be liberally construed as a remedial measure, American was properly impleaded as a defendant.

American further contends that it could not be liable, as one of the causes of action is based upon a violation of the safe-place statute. It has been determined that the safe-place statute does not create a cause of action. It merely lays down a standard of care and if those to whom it applies violate the provisions thereof they are negligent. *Holzworth v. State,* 238 Wis. 63, 298 N. W. 163.

Finally, both Bituminous and American contend that under the terms of their respective policies if there is other insurance applicable theirs is excess insurance. The provisions of both policies are substantially the same, and if there is ultimate liability so far as American is concerned, the damages must be prorated according to the amounts of the respective policies.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.

MARTIN, C. J., took no part.