MERRIMAN, Appellant, v. CASH-WAY, INC., Respondent.

*April 13—May 9, 1967.*

114

For the appellant there was a brief by *Kennedy & Savage* and *K. Thomas Savage*, all of Kenosha, and oral argument by *K. Thomas Savage*.

For the respondent there was a brief by *Vaudreuil & Vaudreuil* and *L. E. Vaudreuil*, all of Kenosha, and oral argument by *L. E. Vaudreuil*.

WILKIE, J.   The lone issue presented on this appeal is whether there is any credible evidence to sustain the jury's finding that the defendant was negligent with respect to maintaining the area surrounding the doorway entrance as safe as the nature of the premises would reasonably permit.

The safe-place statute (sec. 101.06) does not impose an absolute duty on an owner or employer so as to make him an insurer of the safety of his premises so far as repair or maintenance is concerned.[1]   In order for an employer or owner to be liable for such defects, he must have either actual or constructive notice of such defects.[2]

In the case at bar there was no evidence introduced that defendant had actual knowledge of the patch of ice. The issue, properly phrased by the trial court, was whether there was any evidence of constructive notice of

[1] *Pettric v. Gridley Dairy Co.* (1930), 202 Wis. 289, 292, 232 N. W. 595; *Krause v. Veterans of Foreign Wars Post No. 6498* (1960), 9 Wis. (2d) 547, 553, 101 N. W. (2d) 645.

[2] *Presti v. O'Donahue* (1964), 25 Wis. (2d) 594, 131 N. W. (2d) 273; *Sposito v. Zeitz* (1964), 23 Wis. (2d) 159, 127 N. W. (2d) 43; *Turk v. H. C. Prange Co.* (1963), 18 Wis. (2d) 547, 119 N. W. (2d) 365; *Uhrman v. Cutler-Hammer, Inc.* (1957), 2 Wis. (2d) 71, 85 N. W. (2d) 772; *Boutin v. Cardinal Theatre Co.* (1954), 267 Wis. 199, 64 N. W. (2d) 848.

the icy condition near the entrance. Constructive notice is imposed on a person "when for the promotion of sound policy or purpose he is to be treated as if he had actual notice, whether or not he had it in fact." [3] 39 Am. Jur., Notice and Notices, p. 236, sec. 7, states the considerations for imposing constructive notice as follows:

"[F]irst, that certain things existing in the relation or the conduct of parties, or in the case between them, beget a presumption so strong of actual knowledge that the law holds the knowledge to exist because it is highly improbable it should not; and next, that the policy and the safety of the public forbid a person to deny knowledge while he is so dealing as to keep himself ignorant, or so that he may keep himself ignorant."

The proof is insufficient to impose constructive notice on the defendant in the case at bar. In contrast, in *Uhrman v. Cutler-Hammer, Inc.*,[4] the defendant-employer was held to have constructive notice of the unsafe way in which the loading ramps were stored when not in use. In *Uhrman,* the evidence showed that this method of storing the ramps by visiting truck drivers had been used for some time. The evidence also showed that defendant's employees had instructed truck drivers on the proper method of storing the ramps. In the case at bar, there is no evidence as to how long the ice condition had existed prior to the plaintiff's fall. There is no evidence as to the extent of the ice patch on the day of the accident or as to whether there were additional patches of ice in the parking lot. There is no evidence of weather conditions which would have precipitated the formation of this ice patch. Without evidence as to how long the hazard had existed, so as to warrant the assumption that a vigilant owner would reasonably have discovered it and repaired

[3] *Uhrman v. Cutler-Hammer, Inc., supra,* footnote 2, at page 75; see also *Turk v. H. C. Prange Co., supra,* footnote 2, at page 561.

[4] *Supra,* footnote 2.

it, the defendant cannot be held to have had constructive notice of the defect.[5]

Plaintiff also seeks to establish liability showing that the downspout was defectively constructed and water emerging from the downspout ran under the protective fence and onto the parking lot, forming the patch of ice in question. If such a hypothesis could be established, there would be no need to prove actual or constructive notice since this would be actual negligence by the defendant which led to the hazardous condition.[6] However, there is a complete lack of proof to establish this hypothesis. At trial, the defendant's manager testified that the slope of the land where the downspout poured out water was to the west, or away from the parking lot. Thus, the patch of ice would not occur from defectively placing the downspout too close to the parking lot, since any water emerging would flow away from the parking lot.

In addition, there was no evidence produced to show that the patch of ice resulted from water which emerged from the downspout. There was no proof of melting of snow or ice in previous days. Plaintiff is attempting to infer both that the water emerged from the downspout and that the formation of ice was caused by negligent construction of the downspout. Such conclusions could only be speculations.

The trial court refused to receive in evidence two photographs submitted by plaintiff which showed close-up pictures of a patch of ice in the parking lot. The pictures were taken by plaintiff's brother two days after the accident. Judge BAKER refused to receive the pictures in evidence because the time when the pictures were taken was too remote and because there was no evidence that the ice shown in the pictures was the same as the ice

---

[5] *Boutin v. Cardinal Theatre Co.*, *supra*, footnote 2, at page 205.

[6] *Sposito v. Zeitz*, *supra*, footnote 2, at page 162.

patch on the day of the accident. Plaintiff challenges this ruling as reversible error.

Whether a picture may be used advantageously and properly in placing the facts before a jury rests in the discretion of the trial judge.[7] Photographs of the place of an accident have been held inadmissible where they were taken at a time which was remote from that in controversy.[8] Such photographs will be admitted, however, where a foundation is laid by evidence showing that the photographs were a correct representation of the conditions existing at the time of the injury.[9]

In the case at bar, the subject of the photographs was a very temporary and transitory thing. Ice present on a given day during December may not have been present two days before. No evidence of static weather conditions was shown to eliminate the possibility that the patch of ice in the picture could have formed after the accident. Moreover, the size of the ice patch could easily have changed. In the absence of a showing that conditions shown in the photographs were similar to conditions on the day of the accident, the trial court did not abuse its discretion by refusing to admit the photographs.

Even if the trial court's ruling in excluding the photographs was error, we deem that such error was not prejudicial. The photographs in question did not demonstrate how long the patch of ice had existed so as to prove that the defendant knew or should have known about it. The pictures also do not show any way that the drainage system was defective.

*By the Court.*—Judgment affirmed.

[7] *Wagner v. Peiffer* (1951), 259 Wis. 566, 49 N. W. (2d) 739; *Baraboo v. Excelsior Creamery Co.* (1920), 171 Wis. 242, 177 N. W. 36.

[8] 3 Jones, Evidence (5th ed.), p. 1196, sec. 630; 29 Am. Jur. (2d) Evidence, p. 865, sec. 789.

[9] *Mahar v. Montello Granite Co.* (1911), 146 Wis. 46, 130 N. W. 949; *Forseth v. Iron River Lumber Co.* (1910), 142 Wis. 87, 124 N. W. 1036.