GORDON, Appellant, v. SCHULTZ SAVO STORES, INC., Respondent: H. F. ENTERPRISES, INC., Third-Party Defendant.

*No. 92. Argued March 29, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 633.)

For the appellant there was a brief by *Goodman, Hales & Costello* of Racine, and oral argument by *Robert P. Goodman.*

For the respondent there was a brief by *Brown, Black & Riegelman,* and oral argument by *Richard J. Kreul,* all of Racine.

HANLEY, J.   Three issues are presented on this appeal:

(1) Is the parking lot herein a place of employment under the safe-place statute;

(2) Was respondent negligent in maintaining the two-inch curb along the triangular area in the parking lot; and

(3) Was appellant's contributory negligence so great as to bar her recovery as a matter of law?

*Parking lot as place of employment.*

Sec. 101.06, Stats., commonly known as the safe-place statute, imposes upon employers a standard of care, violation of which is negligence. *Ermis v. Federal Windows Mfg. Co.* (1959), 7 Wis. 2d 549, 555, 97 N. W. 2d 485. The statute reads in part as follows:

"Every employer . . . shall furnish a place of employment which shall be safe for employes therein and for frequenters thereof. . . and shall do everything necessary to protect the life, health, safety, and welfare of such employes and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment . . . as to render the same safe."

An "employer" is defined in sec. 101.01 (3) as any person or agency having control or custody of a place of employment. A "place of employment" is deemed to include every area "and the premises appurtenant thereto" in which a trade or business is conducted. Sec. 101.01 (1). The question in this case is whether the parking lot adjacent to respondent's grocery store can be considered a place of employment.

The city of Racine has legal title to the parking lot, including the spot at which appellant fell and suffered her injury. The lot was originally established for use by visitors to the Racine zoo. Even after construction of respondent's store, the general public made use of the parking facilities, and no restrictions were placed on

this use. The record clearly reveals that this is a public parking lot, even though its primary users during the week are customers of respondent's store. This court has held that when an area is used by the general public, it cannot be considered a place of employment. *Corpron v. Safer Foods, Inc.* (1964), 22 Wis. 2d 478, 481, 126 N. W. 2d 14; *Schwenn v. Loraine Hotel Co.* (1961), 14 Wis. 2d 601, 607, 111 N. W. 2d 495. In order for an area open to the public to be deemed a place of employment, the owner of the adjoining premises must have almost complete dominion and control over the area in question; and where the general public uses the area, the requisite dominion and control appear to be lacking. *Buckley v. Park Building Corp.* (1966), 31 Wis. 2d 626, 632, 143 N. W. 2d 493.

Appellant contends that respondent did exercise almost exclusive dominion and control over the parking lot. It is true that the lights to the parking lot were controlled by respondent's employees from inside the store and that the markings on the surface of the lot directed the flow of traffic to enable respondent's customers to conveniently drive into the parcel pickup area. In addition, the lease between respondent and H. F. Enterprises, Inc., obligated respondent to pay one third of the cost of maintaining the parking lot. It is contended that the lot is an integral part of respondent's business, which is a factor to consider in determining whether a particular location constitutes a place of employment. *Peppas v. Milwaukee* (1966), 29 Wis. 2d 609, 615, 139 N. W. 2d 579, 141 N. W. 2d 228.

However, it is clear that the agreement between the city and H. F. Enterprises, Inc., contemplates the public use of this lot. This agreement is incorporated into the lease executed by respondent. Moreover, aside from obligating respondent to pay a portion of the cost of maintaining the parking lot, the lease gives exclusive con-

trol over the lot and the responsibility of maintaining it to H. F. Enterprises, Inc. Where the duty of maintenance clearly rests with one other than the employer, the area cannot be considered part of his place of employment. *Miller v. Welworth Theatres* (1956), 272 Wis. 355, 359, 75 N. W. 2d 286. Respondent had little or no direct contact with the lot. Its employees rarely carried groceries to the cars parked in the lot, since the usual practice was to have the customer drive up to the parcel pickup area to have the bags loaded into the car. Therefore, we think, there is no showing that respondent had such dominion or control over the parking lot as to transform a public area into a place of employment.

Since we conclude that the respondent did not have custody or control over the area where the appellant fell, we do not reach the remaining issues.

In any event it appears that this case has little to distinguish it from numerous "step and fall" cases in which plaintiffs have been denied recovery, the most recent being that of *Prelipp v. Wausau Memorial Hospital* (1971), 50 Wis. 2d 27, 31, 183 N. W. 2d 24. In this case, as in that one, the step, or curb, was of uniform height throughout its length, free of foreign matter, unbroken or without defect, and colored differently from the surrounding material. There is no showing of defective lighting; it was visible to observation. From the testimony it is evident that appellant forgot the step was there and neglected to look where her next step would take her. Obviously her own negligence was the cause of this accident.

We conclude that the trial court was correct in granting respondent's motion for judgment upon the special verdict as amended, dismissing the plaintiff's complaint with costs.

*By the Court.*—Judgment affirmed.