Joyce HOLMBERG, Appellant,

v.

INDIANHEAD OIL CO., INC.,
etc., Respondent.

No. 46899.

Supreme Court of Minnesota.

June 17, 1977.

Olkon & Olkon, and Ellis Olkon, Minneapolis, for appellant.

Wurst, Bundlie, Carroll & Crouch, and A. Thomas Wurst, Minneapolis, for respondent.

PER CURIAM.

The plaintiff was injured when she fell leaving the premises of the defendant, which was a combination filling station and store in Spooner, Wisconsin. The jury found the defendant 75-percent negligent and plaintiff 25-percent negligent. Damages were assessed at $5,000.

Upon motion the trial court granted defendant judgment notwithstanding the verdict and denied plaintiff's motion for a new trial. This appeal followed.

The plaintiff, a 36-year-old mother of six children, while on vacation drove to the defendant store in the family car for the purpose of obtaining gas and soda pop for the children. The accident occurred on a warm, sunny afternoon about 4 p. m. in August 1972. The plaintiff had been to the premises once or twice before the accident. The evidence presented by the plaintiff consisted of her testimony and that of her two sons and husband who accompanied her.

The area around the gas pumps was blacktopped; the store was separated from the blacktop by a raised concrete platform. The concrete platform was raised above the blacktop about 3 or 4 inches creating a step or curbing. An inclining ramp was provided for persons entering and leaving the store. The curbing adjacent to the ramp

was painted yellow. Upon entering, plaintiff used the ramp.

Plaintiff while exiting from the store fell from the concrete platform causing personal injuries. Plaintiff was carrying a 24-can case of soda pop in front of her. Plaintiff did not avail herself of the ramp leading from the store's exit but angled off to her left encountering the step or curb.

The defendant offered only its building superintendent who submitted proof that the premises were constructed in accordance with all building codes of the State of Wisconsin and City of Spooner.

The liability issue in this case is measured by the standards fixed by the Wisconsin "Safe Place" Statute and by interpretation of that statute by the Wisconsin Supreme Court. The statute provides as follows (Wis.St. 101.11, subd. 1):

> "Every employer shall furnish employment which shall be safe for the employes therein and shall furnish a place of employment which shall be safe for employes therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employes and frequenters. Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe."

This statute has been interpreted as not imposing an absolute duty on owners of property so as to make the owner an insurer of the safety of the premises so far as repair and maintenance is concerned. *Merriman v. Cash-Way Inc.*, 35 Wis.2d 112, 150 N.W.2d 472 (1967). The *Merriman* case arose out of a slip and fall on an icy patch encountered by plaintiff while approaching the entrance to defendant's store. The Wisconsin Supreme Court sustained an order by the trial court granting judgment notwithstanding the verdict for plaintiff.

In a case involving an accident to a spectator at a baseball game at Milwaukee stadium the statute was interpreted as placing a duty on the owner of premises to provide a place which is as safe as the nature of the building would reasonably permit. The nature of the place governs the reasonableness of employing certain safety measures. *Powless v. Milwaukee County*, 6 Wis.2d 78, 94 N.W.2d 187 (1959).

More specifically the Wisconsin court has declined to hold that a step and fall down, without more, is sufficient to support a finding of negligence on the part of the owner of a building. In *Bradstrom v. Lasker Jewelers*, 259 Wis. 366, 48 N.W.2d 490 (1951), a case arising out of an injury sustained by plaintiff in an entryway to a jewelry store where the plaintiff fell from a "platform terrazzo to the sidewalk," the Wisconsin court said:

> "* * * Upon such facts we cannot hold that the safety of this place containing a step is a jury question under the safe place statute unless we are ready to hold that by itself the presence of a step or steps in any public place is a potential breach of the duty owed by the custodian or owner of the premises to an employee, frequenter or member of the public. We have not gone to that length in the past and are not ready to do so now." 259 Wis. 366, 369, 48 N.W.2d 490, 492.

The most recent Wisconsin case involving the "safe place" statute, and arising in a manner very similar to the instant case, is *Gordon v. Schultz Savo Stores, Inc.*, 54 Wis.2d 692, 196 N.W.2d 633 (1972), wherein the court said:

> "In any event it appears that this case has little to distinguish it from numerous 'step and fall' cases in which plaintiffs have been denied recovery, the most recent being that of *Prelipp v. Wausau Memorial Hospital* (1971), 50 Wis.2d 27, 31, 183 N.W.2d 24. In this case, as in that one, the step, or curb, was of uniform height throughout its length, free of foreign matter, unbroken or without defect, and colored differently from the sur-

rounding material. There is no showing of defective lighting; it was visible to observation. From the testimony it is evident that appellant forgot the step was there and neglected to look where her next step would take her. Obviously her own negligence was the cause of this accident." 54 Wis.2d 692, 698, 196 N.W.2d 633, 636.

The only evidence on the liability issue was that by the members of the Holmberg family. This testimony consisted of a description of the premises and the happening of the accident. There was no evidence suggesting any distracting circumstances as evidence of negligence. The plaintiff relied on the fact that at the request of Mr. Holmberg the defendant, following the accident, moved charcoal bags to the edge of the concrete platform to block passage over the area where plaintiff fell. Under the circumstances of this case the taking of safety measures after the accident occurred is insufficient to warrant an inference of negligence. *Faber v. Roelofs*, 298 Minn. 16, 212 N.W.2d 856 (1973).

It appearing that no question of fact was presented regarding any negligence on the part of defendant, the trial court must be affirmed.

Affirmed.